[Crim. No. 4323.   Second Dist., Div. One.   Mar. 5, 1951.]

THE PEOPLE, Respondent, v. GILBERT JOSEPH STINCHCOMB, Appellant.

Gilbert Joseph Stinchcomb, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

THE COURT.—Appellant has filed in this court several documents which he designates as "Notice and Application for Rehearing of Appeal and an Order Denying Error Coram Nobis and Certificate of Probable Cause for Allowance of Rehearing of Appeal."

Reviewing the foregoing papers, we construe them all to be in effect a petition for rehearing in the case of *People* v. *Stinchcomb*, 92 Cal.App.2d 741 [208 P.2d 396], decided by this court, wherein the appeal by appellant Stinchcomb from an order "denying petition for writ in nature of a writ of error *coram nobis*" resulted in an affirmance of an order of the Superior Court of Los Angeles County denying appellant's petition. On August 4, 1949, appellant's petition for a hearing was denied by the Supreme Court.

Manifestly, appellant's petition for rehearing comes too late. Rule 27(b) of Rules on Appeal provides that a party seeking a rehearing in a criminal case in the District Court of Appeal must serve and file a petition therefor within eight days after the filing of the decision. In the instant case the decision was filed July 8, 1949. However, although appellant regularly and duly filed his petition for a hearing in the Supreme Court, he now asserts in the foregoing petition for rehearing filed with this court that certain officers of the State Penitentiary at Represa, California, where he is now confined (not the warden) resorted to "legal obstruction of

conniving to deny petitioner the rights to submit legal actions to the courts within the period of time required and prescribed by law. . . ."

Unless we can find some theory upon which to relieve appellant from the time element in this case (Rule 27(b), Rules on Appeal), his petition for rehearing should be dismissed. However, upon the theory advanced in *People* v. *Slobodion*, 30 Cal.2d 362, 364, 365, 366 [181 P.2d 868], we will not dismiss the petition for rehearing.

■ This, then, brings us to a review of the petition as if it had been filed within the required time. Such a review leads us to the conclusion, as stated by us in *People* v. *Stinchcomb*, *supra*, at page 747, that "there is nothing in the record which would warrant the granting of an order in the nature of a writ of *coram nobis* setting aside the judgments."

It therefore follows that the petition for rehearing should be denied. It is so ordered.

A petition for a rehearing was denied March 5, 1951.