[Crim. No. 35240. Second Dist., Div. Four. May 2, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
DIRK DUWAYNE GRANGER, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Adrian K. Panton, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Roy C. Preminger, Shunji Asari and John A. Saurenman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KINGSLEY, Acting P. J.**—Defendant was charged with murder, in violation of section 187 of the Penal Code; in connection with that charge, it was alleged, as special circumstances, that the killing was committed during the commission of a robbery and burglary. A prior conviction for burglary was also alleged.[1] He pled not guilty and denied the prior. After a trial by the court, he was found guilty of murder in the first degree; the special circumstances were found to be true. He was sentenced to state prison for life without possibility of parole. He has appealed; we affirmed in part, reversed in part.

---

[1]The information also charged, in separate counts, the burglary and the robbery involved. Those counts were dismissed after the conviction on the murder count.

In light of the limited issue raised by defendant on this appeal, only a brief summary of the case for the People is needed. Defendant broke into the apartment of the decedent by removing a window screen. He stole various items of jewelry and sundry documents. As he was leaving, the victim awoke and, fearing that she could identify him, defendant suffocated her with a pillow and stabbed her with the screwdriver he had used to effect entry. After making his escape, defendant returned with two friends to salvage the loot he had placed in a trash can and was driven into the mountains where he buried the papers and other nonvaluable items. The two friends testified to their part in the proceedings and to confessions made to them by the defendant.

On this appeal, defendant does not contend that the evidence was insufficient to sustain the finding of guilt. He makes but a single argument for reversal, arising out of the events by which the case was submitted for trial to a judge and not a jury.

After defense motions to strike the special circumstances, and for separate trials on the issues, and after his demurrer and motions under sections 1538.5 and 995 of the Penal Code had all been denied, the following occurred:

"MR. LARSEN: Your Honor, I previously made a motion for separate trials as to a prior that had been filed.

"But, however, since this is being tried as a court trial, I would at this time withdraw that motion, Your Honor.

"And Mr. Granger at this time would like to waive his right to a trial by jury and have this matter tried by the Court, Your Honor.

"I have informed Mr. Granger that we are trying it and, apparently, the People are not going to ask the Court to impose the ultimate penalty in this case, Your Honor.

"THE COURT: I will take the jury waiver, Mr. Sweet.

"MR. SWEET: Dirk Duwayne Granger, is that your true name?

"THE DEFENDANT: Yes, sir.

"MR. SWEET: Mr. Granger, your attorney has indicated that you desire to waive, that is, give up your right to a jury trial in this matter.

"And as he has indicated, People do not intend to seek the death penalty in this matter.

"I want it clearly understood, however, the fact of your jury waiver has nothing to do with the penalty that the People would ask for in this matter. It is in no way a consideration in our case.

"In other words, whether you ask for a jury trial or a court trial, we would ask for this same penalty, and that is special circumstances but not the death penalty.

"Do you understand that fully?

"THE DEFENDANT: Yes, sir.

"MR. SWEET: Do you understand that you are entitled to a jury trial, you are entitled to have twelve members of the community here in this courtroom. They would be selected through a process that would include your attorney's participation.

"They would be presented with all the evidence in this matter. They would be instructed in the law by the Court. They would deliberate and return their own individual opinion as to your guilt or innocence.

"All twelve would have to agree as to your guilt before a finding of guilty would be rendered against you.

"Do you understand this to be a jury trial?

"THE DEFENDANT: Yes, sir.

"MR. SWEET: And do you understand that what is being proposed is that the jury trial be waived and that the Court, sitting alone without a jury, be the sole judge of whether or not you are guilty of this matter.

"Do you understand the alternative?

"THE DEFENDANT: Yes, sir.

"Mr. Sweet: Do you want a court or a jury trial?

"The Defendant: Court.

"Mr. Sweet: Do you waive your right to a jury trial at this time?

"The Defendant: Yes, sir.

"Mr. Larsen: I join in the waivers, Your Honor.

"Mr. Sweet: People join.

"The Court: The Court will accept the jury waiver.

"Mr. Larsen: Also, Your Honor, Mr. Granger would waive his right to a jury trial on the prior that has been filed.

"Do you understand that—

"The Defendant: Yes.

"Mr. Larsen: —that you do have a right to a separate—to have a jury trial on the prior. However, we are going to give up that right and let the Court determine the truth or falsity of the prior, as well as your guilt or innocence in this case.

"Do you understand that?

"The Defendant: Yes.

"Mr. Larsen: Do you also understand the Court will have to determine whether or not special circumstances did or did not exist.

"Do you understand, Mr. Granger?

"The Defendant: Yes, sir.

"The Court: People join in those waivers?

"Mr. Sweet: Yes, Your Honor, People join.

"The Court: The Court will accept the waiver of both of those matters."

■ The sole argument here made is that defendant was entitled to a jury trial on the allegation of special circumstances, that he had never personally waived that right, and that the failure to submit the special circumstance allegation to a jury requires a reversal of the conviction. We conclude: (1) that defendant did have a *statutory* right to a trial by jury on the truth of the allegation of special circumstances; (2) that he did not effectively waive that right; (3) and that those errors require a partial reversal.

I

The question of the right to a jury trial on the special circumstance allegation turns on two sections of the death penalty legislation.[2] In section 190.4 of the Penal Code it is provided: "(a) Whenever special circumstances as enumerated in Section 190.2 are alleged and the trier of fact finds the defendant guilty of first degree murder, the trier of fact shall also make a special finding on the truth of each alleged special circumstance. The determination of the truth of any or all of the special circumstances shall be made by the trier of fact on the evidence presented at the trial or at the hearing held pursuant to Subdivision (b) of Section 190.1.

"· · · · · · · · · · · · · · · ·

"If the defendant was convicted by the court sitting without a jury, the trier of fact shall be a jury unless a jury is waived by the defendant and by the people, in which case the trier of fact shall be the court. If the defendant was convicted by a plea of guilty, the trier of fact shall be a jury unless a jury is waived by the defendant and by the people." However, subdivision (a) of section 190.1 provides as follows in cases where a death penalty may be imposed[3] that: "The question of the defendant's guilt shall be first determined. If the trier of fact finds the defendant guilty of first degree murder, it shall *at the same time* determine the truth of all special circumstances charged...." (Italics added.) Where a murder case is tried to a jury, the two statutory provisions are consistent; but where, as here, a jury has validly been waived as to the guilty phase of the case, it is (as the Attorney General argues)

---

[2]We quote from the sections as incorporated in the 1978 initiative measure; they are identical with the sections previously in force at the time herein involved.

[3]We accept, without examination, the apparent concession of all counsel that section 190.1 is here applicable although the People had expressly waived their right to seek the death penalty.

■

impossible to comply with the requirements of section 190.4, that the special circumstances be tried by a jury, and also comply with the requirement of section 190.1 that the guilt and the special circumstances be determined "at the same time." That conflict can be resolved only by ignoring one of the two statutory provisions. We conclude that, under the circumstances before us, the provision in section 190.4 should prevail. In that section the People have carefully dealt with the exact case before us and have expressly provided for what, of necessity, must be a separate trial on the special circumstance issue. That express coverage of the situation now before us must prevail.[4]

## II

The argument of the Attorney General to the contrary notwithstanding, we can see in the proceedings above quoted nothing that can be treated as a waiver, *by the defendant*,[5] of the right given him by section 190.4. His waivers of jury trial on the guilt phase and on the prior conviction allegation were preceded by elaborate and careful explanation to defendant, on the record, that he had a right to a jury trial on those issues; those waivers were made with full knowledge of the rights he waived. But the record nowhere shows that defendant also knew that he could, if he so desired, have a jury trial on the third, important issue. That matter was presented to him in such a fashion that he could only have been led to believe that waiver of jury trial on the special circumstances followed, as a matter of law, from his waiver of jury trial on the other issues. As we have held above, that implication was untrue. We cannot say that the right to jury trial on the special circumstance issue was waived.

The special circumstances were alleged against defendant in the following terms: "It is further alleged that the murder of Mary Q. Lirette was willful, deliberate, and premeditated, and that the murder of Mary Q. Lirette was personally committed by defendant during the commission and attempted commission of a robbery in violation of Section 211 of the Penal Code.

"It is further alleged that the murder of Mary Q. Lirette was willful, deliberate, and premeditated, and that the murder of Mary Q. Lirette

---

[4]Cf. *People* v. *Luick* (1972) 24 Cal.App.3d 555, at pages 558-559 [101 Cal.Rptr. 252].

[5]The Attorney General does not dispute that waivers of jury trial must be made by the defendant personally.

was personally committed by the defendant during the commission and attempted commission of a burglary in that he did not enter an inhabited dwelling house with the intent to commit petty larceny there in violation of Section 459 of the Penal Code." On this appeal, defendant does not question the finding that he was guilty of felony murder, in that the killing was committed in perpetration of both a robbery and a burglary. However, at the trial, he offered evidence to the effect that he was, at the time of the crime, under the influence of PCP to such an extent as to prevent him from premeditating the killing. In fact, the trial judge indicated some difficulty in finding premeditation in light of that evidence. Although there is other evidence from which a finding of premeditation could be drawn, we cannot say, beyond a reasonable doubt, that a jury could not rationally have found in defendant's favor on the issue of special circumstances. It follows that the case must be remanded for a jury trial on that issue.

The judgment is affirmed insofar as it finds defendant guilty of murder in the first degree; it is reversed insofar as it finds the alleged special circumstance to be true. The case is remanded with directions to hold a trial by jury on the issue of special circumstance, unless the People elect to withdraw that issue.

Jefferson (Bernard), J.,* and McClosky, J.,* concurred.

Petitions for a rehearing were denied June 20, 1980, and on May 23, 1980, and September 23, 1980, the opinion and judgment were modified to read as printed above. Respondent's petition for a hearing by the Supreme Court was denied July 31, 1980. Clark, J., was of the opinion that the petition should be granted.

---

*Assigned by the Chairperson of the Judicial Council.