[Crim. No. 3612. First Dist., Div. Two. May 23, 1960.]

THE PEOPLE, Respondent, v. JOHN J. MAULDIN, Appellant.

Warren Sullivan, under appointment by the District Court of Appeal, and Fredricks & Sullivan for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and John J. Klee, Jr., Deputy Attorney General, for Respondent.

KAUFMAN, P. J.—Appellant was charged by two separate informations with burglary (Pen. Code, § 459) and forgery (Pen. Code, § 470). He entered a plea of not guilty to both charges and admitted the three prior convictions charged. The causes were consolidated for trial and a jury found the appellant guilty as charged on both counts. On this appeal from the judgment of conviction and the order denying his motion for a new trial, he argues that the evidence is insufficient to sustain the verdict on either count.

The People argue that this court is without jurisdiction to hear this appeal as the notice of appeal was filed three days beyond the 10-day period specified by rule 31(a) of the Rules on Appeal, and that the appellant has not brought himself within the constructive filing exception of *People* v. *Slobodion*, 30 Cal.2d 362 [181 P.2d 868]; *People* v. *Dailey*, 175 Cal.App.2d 101 [345 P.2d 558]. The record indicates that the appellant was sentenced on Friday, October 3, 1958. The tenth day fell on Monday, October 13, 1958, a state holiday, so that the time to appeal was automatically extended to Tuesday, October 14. The notice of appeal, dated Sunday, October 12, was filed in the county clerk's office on October 17, 1958, three days late.

The People argue that this court is without jurisdiction and must dismiss the appeal.*

In *People* v. *Dailey*, 175 Cal.App.2d 101 [345 P.2d 558], this court (Division One) held that the delivery by a defendant of his notice of appeal to prison authorities on the tenth day was a constructive filing in the county clerk's office as of that day. The same rule is applicable in the instant case.

---

*The jurisdictional issue was not raised by the respondent on a motion, but only in the brief.

Appellant has filed an affidavit stating that on October 12, 1958, he prepared his notice of appeal herein and delivered the same to the legal clerk at the California Medical Facility at Vacaville, California.

The notice of appeal was dated October 12; the following day was a state holiday. The record does not show on what date the notice was mailed to the county clerk or whether the notice was filed the day on which it was received. Even in the absence of an affirmative showing by the appellant, there is authority for this court to hold that the appeal was taken in time. (*Cf. People* v. *Graff,* 104 Cal.App.2d 32 [230 P.2d 654], wherein the notice arrived in the county clerk's office on the twelfth day; although no showing was made that the appellant had mailed or given the notice to anyone for that purpose, the court held that the appeal was timely as the appellant's brief stated that the notice had been prepared and signed on the eighth day. There can, therefore, be no question that this appeal was timely filed.)

As to the merits, it is clear from a review of the record that there is ample evidence to sustain the verdict on both counts. ▮ We must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence and then determine whether the guilt of the defendant is deducible therefrom. (*People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778].)

▮ The jury found the defendant guilty of burglary in the second degree. The record reveals the following facts: one Massey left his home at 637 Hayes Street in San Francisco about 7 o'clock in the evening of May 31, 1958. As he planned to be away overnight, he put a padlock on the front door in addition to a Yale lock; the back door was bolted. When he returned about 10 a.m. the next day, Sunday, June 1, 1958, he found that the two locks on the front door had been broken, that the back door was wide open and that two television sets and two radios were missing. Massey testified that the defendant had been at his home on May 29 and had eaten a meal there.

The appellant was arrested on June 5, 1958, as the result of a warrant from another county. His car was taken into custody. On June 6, 1958, with the appellant's permission, the trunk of his car was opened. It contained a television set, a radio, and a part of the items missing from Massey's residence. When he was first questioned about these items, the appellant unequivocally stated that he did not know Mr.

Massey and that he had purchased the television set from a "colored man" at the corner of Fillmore and McAllister Streets for $10 and that he had purchased the radio from another person at the corner of Fillmore and Golden Gate on May 28 or 29, "around Memorial Day." On the same day, the appellant admitted knowing Mr. Massey and that he had bought both the radio and the television set from the same person at the corner of Fillmore and McAllister for $40 and $5.00, respectively.

Appellant's only witness, his aunt, Mrs. Ozella Kelly, testified that the appellant was in her home from about 10:00 p.m. on May 31, 1958, until 2 a.m. the next morning when she retired; and that he was there at 7 a.m. the next morning; that on the evening of the 31st, the appellant had been drinking beer all evening with her husband and was intoxicated. Appellant's first argument is that Mrs. Kelly's testimony established that he was too intoxicated to form the specific intent necessary for the crime of burglary. There is no merit in this argument as this was a matter for the jury and they were properly instructed to consider whether the appellant was intoxicated at the time of the alleged offense.

Appellant also argues that his mere possession of the stolen goods alone is insufficient to substantiate the charge of burglary. However, the very cases on which he relies, also clearly indicate that possession is a circumstance to be considered by the jury and that only slight corroborating evidence is required. The failure to show that possession was honestly obtained is itself a strong circumstance tending to show the possessor's guilt of the burglary. (*People* v. *Citrino,* 46 Cal.2d 284, 288 [294 P.2d 32].) When a defendant makes an explanation as to the manner in which he came into the possession of the stolen property, the question of whether he is telling the truth, rests solely with the jury. (*People* v. *Taylor,* 4 Cal.App.2d 214 [40 P.2d 870].) It is also well established that familiarity with the burglarized premises may also be considered by the jury. (*People* v. *Howell,* 126 Cal.App.2d 780 [273 P.2d 79].)

As to the forgery charge, the record reveals the following: On June 4, 1958, the appellant and his wife were staying with his aunt, Mrs. Ozella Kelly. Mrs. Kelly, who was a witness for the prosecution on the forgery charge, testified that on that afternoon she was not feeling well and lay down to take a nap. When she went to sleep, her purse which contained her checkbook and a wallet, containing her driver's license and Sears Revolving Charga-Plate, were in the bed-

room. The appellant and his wife were in the house. When Mrs. Kelly woke up some time later, the appellant and his wife were gone. Mrs. Kelly found that her purse had been opened and the wallet and checkbook were missing.

A salesman for Sears Roebuck and Company at the Mission and Army Street store, testified that on the afternoon of June 4, a woman (subsequently identified as the appellant's wife) came into the store accompanied by a man (subsequently identified as the appellant). She picked out two pairs of men's slacks and several pieces of luggage; she introduced the appellant as her cousin or her brother and said she wanted to buy a sports coat for him. The appellant picked out and tried on a sports coat. His wife paid for all the purchases by a check signed ''Ozella Kelly,'' using Mrs. Kelly's driver's license and Sears Charga-Plate as identification. Then she and the appellant carried the purchases with them. During the entire period of time the appellant had no conversation with his wife. A city police officer testified that when he questioned the appellant on June 9, the appellant admitted taking the articles from his aunt's purse and giving them, as well as the purchases at Sears, to his wife, but could not remember which one of them had signed the check.

In this appeal, appellant does not deny the forgery by his wife* but argues that there was no evidence that he was a principal to the crime within the meaning of section 31 of the Penal Code, which provides:

''All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, or, not being present, have advised and encouraged its commission, and all persons counseling, advising, or encouraging children under the age of fourteen years, lunatics or idiots, to commit any crime, or who, by fraud, contrivance, or force, occasion the drunkenness of another for the purpose of causing him to commit any crime, or who, by threats, menaces, command, or coercion, compel another to commit any crime, are principals in any crime so committed.'' (Enacted 1872.)

There is no merit in this argument. While mere presence alone of the accused at the scene of the crime is not sufficient to make him a participant, his presence is a circumstance tending to support a finding that he is a principal. (*People* v. *Carlson*, 177 Cal.App.2d 201, 205 [2 Cal.Rptr.

---

*Appellant's wife pleaded guilty to the forgery.

117].) ▮▮▮ In the instant case, aside from the appellant's admission, there is uncontroverted evidence that although the appellant did not personally make the false representation to the Sears salesman, he actually participated in the transaction with knowledge of its fraudulent character. There was, therefore, ample evidence from which the jury could conclude that the appellant was a principal within the definition of the statute. (*People* v. *Barker,* 53 Cal.2d 539, 543 [2 Cal.Rptr. 467, 349 P.2d 73].)

In view of the above, there can be no doubt that there is sufficient substantial evidence to support the conclusion reached by the court below. (*People* v. *Daugherty,* 40 Cal.2d 876 [256 P.2d 911].)

Judgment and order denying motion for new trial affirmed.

Draper, J., and Stone, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.