[No. A033603. First Dist., Div. Five. Jan. 21, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
STANLEY H. WYCHOCKI, Defendant and Appellant.

COUNSEL

Mark D. Greenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Dane R. Gillette and Christopher J. Wei, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

KING, J.—Stanley H. Wychocki appeals from a judgment of imprisonment for lewd and lascivious acts upon a child under 14 (Pen. Code, § 288, subd. (a)) and oral copulation with a child under 14 (Pen. Code, § 288a, subd. (c)). We reverse the judgment as to the sentence imposed and remand the cause for resentencing.

According to a probation report, Wychocki molested his niece in June 1979 when she was nine years old. In April 1985, when an officer investigated the incident, the victim told the officer that Wychocki had fondled her breasts and vagina, played with her anal area, committed oral copulation upon her

vagina, and attempted to place his tongue on her anus. When the officer interviewed Wychocki, he admitted committing the oral copulation.

Wychocki pleaded nolo contendre to both counts. On October 2, 1985, the court sentenced him to two concurrent six-year prison terms.

I

■ Preliminarily, the Attorney General contends the appeal must be dismissed because Wychocki's notice of appeal was not timely filed.

When persons are in custody, however, an appeal is timely if the notice of appeal was delivered to the inmate's custodian within the time for appeal. (*People* v. *Milton* (1969) 270 Cal.App.2d 408, 410, fn. 1 [75 Cal.Rptr. 803].) Based on defense counsel's declaration in support of a request for findings on appeal (Cal. Rules of Court, rule 23), we find that on November 26, 1985, Wychocki delivered to a guard an envelope containing the notice of appeal, addressed to his trial attorney; the guard did not post the envelope until December 2; the trial attorney received the envelope on December 4 and filed the notice of appeal that day.

Accordingly, the appeal is not to be dismissed. The notice of appeal was delivered to Wychocki's custodian within the time for appeal.

II

■ Wychocki contends the concurrent midterm six-year sentences were cruel and unusual in view of "the nature of the offense and the offender, with particular regard to the degree of danger which both present to society . . . ." (*In re Lynch* (1972) 8 Cal.3d 410 [105 Cal.Rptr. 217, 503 P.2d 921].) He cites his favorable military and employment record, his attendance at counseling sessions, the absence of reported molestation incidents since the present offenses, recommendations by the probation department and a psychiatrist that he be placed on stringent probation, and the absence of violence in the commission of the offenses.

The factors cited by Wychocki, however, are offset not only by the egregiousness of the offenses, which Wychocki concedes he cannot "go far in trying to mitigate," but also by Wychocki's history of child molestation. The probation report stated that the victim's mother and three sisters and Wychocki's stepdaughter had all been molested by Wychocki when they were very young. The psychiatrist, despite recommending probation, reported that Wychocki "has shown evidence of child molestation with hints of pedophilia for many years," and testified that Wychocki should not be

around young children. Despite the mitigating factors cited by Wychocki, the concurrent midterm six-year sentences were not cruel or unusual in light of the nature of the offenses and the danger to society presented by Wychocki's history of pedophilia.

## III

■ Wychocki correctly contends the cause must be remanded for resentencing because the court failed to state any reasons whatsoever for denying probation. (See *People* v. *Romero* (1985) 167 Cal.App.3d 1148, 1151 [213 Cal.Rptr. 774].)

The Attorney General concedes the error, but contends resentencing is unnecessary because it is not reasonably probable a different result would have occurred had the court made the required statement of reasons. However, the two opinions cited in support of this argument are to be distinguished from the present case. In *People* v. *Romero, supra,* 167 Cal.App.3d at pages 1151-1152, no resentencing was necessary because the defendant's "extensive criminal history and the fact that she was on parole at the time she committed the current offense" indicated she would not be placed on probation upon resentencing. Similarly, in *People* v. *Mobley* (1983) 139 Cal.App.3d 320, 324-325 [188 Cal.Rptr. 583], no resentencing was necessary because the defendant had a "lengthy juvenile and adult criminal record" and could not have been placed on probation unless his case was unusual. Wychocki, in contrast, had no prior criminal record, and the probation department recommended that he be placed on probation (with an 11-month term in county jail). Given the lack of a criminal record and the recommendation for probation, the court's error in failing to give a statement of reasons cannot be characterized as harmless error.

## IV

We note that the sentencing judge, Bryan Jamar, has a history of failing to comply with the law requiring trial judges to give an adequate statement of reasons for the sentence imposed. In a recent case in this court, after a prior reversal and remand for compliance with *People* v. *Belmontes* (1983) 34 Cal.3d 335 [193 Cal.Rptr. 882, 667 P.2d 686] (separate statement of reasons required for full consecutive sentences), he was again reversed for failure to comply with *Belmontes*. (*People* v. *Hunter* (1986) 184 Cal.App.3d 1531, 1535-1536 [229 Cal.Rptr. 330].) Additionally, in a recent unpublished case in this division, he also failed to comply with *Belmontes,* resulting in another reversal. Here we must reverse and remand for resentencing because he failed to comply with the requirement of stating reasons why probation was denied, an error conceded by the Attorney General. Two additional

appeals are presently pending before this division in which appellants also seek reversal of decisions by Judge Jamar, claiming he failed to state reasons for denial of probation.

A persistent failure to comply with sentencing rules is bad enough; a refusal to comply with the specific directions of higher courts is inexcusable. Such failures not only result in unnecessary appeals imposing an additional workload on an overburdened judicial system, they also result in a needless and wasteful expense to the taxpayers of California.

The judgment is reversed as to the sentence imposed and the cause is remanded for resentencing.

Low, P. J., concurred.

Haning, J., concurred in the result.