[No. C007891. Third Dist. Mar. 21, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
ANGELO JESSIE CASILLAS, Defendant and Appellant.

**COUNSEL**

Richard Phillips, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**OPINION**

**PUGLIA, P. J.**—Defendant seeks an order from this court relieving him from the consequences of his failure to file a notice of appeal with the clerk of the superior court within the time permitted by subdivision (a) of rule 31 of the California Rules of Court (Rule 31). The clerk received defendant's notice beyond the authorized filing deadline and marked it received but not filed as directed by Rule 31. Citing *In re Gonsalves* (1957) 48 Cal.2d 638 [311 P.2d 483], and *People* v. *Wychocki* (1987) 188 Cal.App.3d 1063 [233 Cal.Rptr. 830], defendant contends his notice was timely because it was placed in the prison mailbox within 60 days after the rendition of judgment, and asks us to order the clerk to file it belatedly. We shall deny the application. As we explain, in the absence of some showing that delay in presenting a notice of appeal to the county clerk is attributable to negligence or inaction on the part of custodial officials, a dereliction of duty by counsel, or some other cause not the fault of the party seeking to appeal, relief is not available.

No legally sufficient justification or excuse appears in this case. The Sacramento Superior Court pronounced judgment sentencing defendant to state prison on October 3, 1989. The 60th day following was December 2, a Saturday. Therefore, defendant had until the close of business on Monday, December 4, to file his notice of appeal with the county clerk. In his declaration supporting this application, defendant states he took no action to perfect his appeal until Friday, December 1, when he telephoned the Central California Appellate Program for advice in preparing his notice.

Defendant prepared the notice and placed it in the prison mailbox on that day. The notice was not actually received by the Sacramento County Clerk until Friday, December 8.

Defendant offers no explanation for his delay in moving to perfect his appeal. Significantly, he does not contend that it resulted from any failure on the part of prison officials promptly to process his mail or to follow normal procedures in doing so. Nor does he claim that the notice was deposited in the prison mail sufficiently in advance of the filing deadline that it would, in the normal course of events, have been delivered to the county clerk by December 4. Relying upon authorities that are no longer controlling, defendant appears to argue that the mere delivery of his notice of appeal into the hands of prison authorities at any time before the expiration of the 60th day after rendition of judgment constitutes compliance with Rule 31.

The issue presented in this proceeding is neither new nor novel. It has arisen recurrently over the years and has been dealt with in a number of appellate decisions. We shall start our analysis with a brief review of the history, as set forth in *In re Benoit* (1973) 10 Cal.3d 72, at pages 78-89 [109 Cal.Rptr. 785, 514 P.2d 97], of Rule 31 and the cases which have recognized that the appellate courts may, in certain limited circumstances, entertain an appeal even though the notice was not filed with the county clerk within what is "normally" the jurisdictional time limit.

Prior to 1972, Rule 31 required that a notice of appeal in a criminal case be filed within 10 days after judgment. (See *In re Benoit, supra,* 10 Cal.3d at p. 80.) In *People* v. *Slobodion* (1947) 30 Cal.2d 362 [181 P.2d 868], the court held that "if the prisoner appellant in a criminal case well within the time prescribed by the rules on appeal has delivered his notice of appeal to the prison authorities to be mailed to the clerk of the court, there has been a constructive filing of the notice and a timely compliance with the rules, where the prison authorities have negligently failed to forward the notice on time." (*Benoit, supra,* at p. 81.) This "constructive filing" rationale was thereafter applied in a number of cases involving late filings that were the result of fault on the part of the prison authorities, or reliance on misleading or incorrect advice by such officials. (*Id.* at pp. 82-83; and see *People* v. *Head* (1956) 46 Cal.2d 886, 889 [299 P.2d 872]; *People* v. *Calloway* (1954) 127 Cal.App.2d 504, 507 [274 P.2d 497]; *In re Gonsalves, supra,* 48 Cal.2d 645-646.)

*In re Benoit, supra,* involved two new issues related to late notices of appeal. First, the court was called upon to decide whether the 1972 amendment to Rule 31 had eliminated judicial authority to grant relief from

untimely filing in *any* circumstances. (See *Benoit, supra*, 10 Cal.3d at pp. 78-79; 6 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Appeal, § 3226, pp. 3986-3987.) This issue arose because before the 1972 amendment, Rule 31 allowed only 10 days for the filing of an appeal, but contained a provision permitting a nominal appellant to petition the reviewing court for relief if that limit was not met. The provision for relief was deleted when the rule was amended in 1972 to extend the time for filing to 60 days. *Benoit* rejected the People's argument that the removal from Rule 31 of the procedure for relief from default deprived the courts of power to permit a late filing. *Benoit* held that the constructive filing doctrine of *Slobodion* survived the amendment to Rule 31. (10 Cal.3d at pp. 84-85.) However, the court pointed out that the principle, "as applied by *Slobodion* and its progeny . . . has been applied (1) only to incarcerated appellants and (2) in special circumstances where the delay in filing the notice of appeal (a) has resulted from conduct or representations of prison officials upon which the prisoner relied and (b) has not been due substantially to fault on the part of the prisoner. Indeed, we apprehend throughout this line of cases an assumption that the prisoner in the main acted diligently—that he did all he could to take the appeal but was thwarted by the acts of prison officials or that he was lulled into a false sense of security by their conduct or representations." (*Id.* at p. 86.)

Defendant here relies upon *In re Gonsalves, supra*, 48 Cal.2d 645, a constructive filing case in which late filing was the fault of custodial officials. However, as we have observed, defendant has proffered no evidence bringing this case within the rule of *Gonsalves* or the numerous other decisions applying the *Slobodion* doctrine.

The second issue decided by *Benoit* was whether discretion to grant relief from default should be extended to situations in which counsel had failed to file a timely notice of appeal when defendant had relied upon him to do so. *Benoit* held that, in certain circumstances, the courts could permit late filing of a notice where counsel had failed to fulfill this duty. (*Id.* at pp. 87-88; and see *In re Fountain* (1977) 74 Cal.App.3d 715, 718 [141 Cal.Rptr. 654].) Defendant here does not contend that this alternative theory of constructive filing is applicable to the present case.

A third theory of constructive filing has been applied in a series of decisions, commencing with *People v. Dailey* (1959) 175 Cal.App.2d 101 [345 P.2d 558]. *Dailey* held that "[e]ven where there is no fault of any kind on the part of the prison officials, or any delay in forwarding the notice, the incarcerated prisoner may be given what is in effect a 1- or 2-day extension of time, by treating deposit of the notice with prison officials as constructive filing." (6 Witkin & Epstein, *op. cit. supra*, Cal. Criminal Law, Appeal,

§ 3223, p. 3981.) *Dailey* was decided during the era when the time for filing was only 10 days. The *Dailey* court reasoned that insistence on actual receipt by the county clerk within that time unfairly penalized incarcerated defendants, since their time to act was effectively reduced to eight or nine days, whereas those not in custody had the benefit of the full ten days. (175 Cal.App.2d at p. 105.) Therefore, *Dailey* held, "delivery by defendant of his notice of appeal to the prison authorities on the tenth day was a constructive filing in the county clerk's office as of that day." (*Id.* at p. 107.) The *Dailey* rule was followed in numerous cases decided prior to the 1972 amendment to Rule 31 which lengthened the time for filing to 60 days. (See, e.g., *People v. Wise* (1962) 199 Cal.App.2d 57 [18 Cal.Rptr. 343]; *People v. Spencer* (1961) 193 Cal.App.2d 13 [13 Cal.Rptr. 881]; *People v. Mauldin* (1960) 181 Cal.App.2d 184 [5 Cal.Rptr. 243]; *People v. Flores* (1960) 177 Cal.App.2d 610 [2 Cal.Rptr. 363].)

In *Benoit, supra,* the Supreme Court noted the expansion of the constructive filing doctrine effected by *Dailey,* but did not comment on its continuing validity. (10 Cal.3d at p. 82.) To our knowledge, only one decision issued after the 1972 amendment to Rule 31 suggests that, without more, the mere delivery of a notice of appeal to prison officials within the 60-day period constitutes a constructive filing. That case is *People v. Wychocki, supra,* 188 Cal.App.3d 1065, which simply cites *People v. Milton* (1969) 270 Cal.App.2d 408, 410, footnote 1 [75 Cal.Rptr. 803], and invokes the *Dailey* rule without further discussion. *Milton,* decided before the 1972 amendment to Rule 31, simply reiterates, without citation to any authority, the rule enunciated in *Dailey.*

The statement in *Wychocki* that "an appeal is timely if the notice of appeal was delivered to the inmate's custodian within the time for appeal. . . ." (188 Cal.App.3d at p. 1065), is arguably dictum. The opinion implies that the reason for the untimely filing was delay on the part of a prison guard, who did not post the notice of appeal until six days after the defendant gave it to him. These circumstances would seem to bring the case within the rule of *Slobodion,* which is clearly still valid precedent. Nevertheless, to the extent *Wychocki* may be read as holding that the "prison delivery" rule of *People v. Dailey* survived the 1972 amendment to Rule 31, we disagree and shall not follow it.

The principle invoked in *Wychocki,* that a notice of appeal is deemed filed within the meaning of Rule 31 when an incarcerated defendant places it in the prison mail system, was a judicial response to the perception that the 10-day time limit was unreasonably short and imposed an unfair burden on prisoners. It was this very problem which the 1972 amendment sought to remedy. The Judicial Council, in proposing the change, "pinpointed two

basic causes for the failure of defendants to file timely notices of appeal in criminal cases: (1) The shortness of the 10-day period prescribed by former rule 31(a), particularly as applied to prisoners; and (2) the defendants' ignorance of their appeal rights." (*In re Benoit, supra,* 10 Cal.3d at p. 85.) To remove these obstacles, the Judicial Council amended Rule 31 to allow 60 days for filing a notice of appeal, and added rule 250, which requires trial courts at the time of judgment and sentencing to advise defendants convicted at trial of their appellate rights and the steps that must be taken to protect those rights. (*Ibid.*)

As *Benoit* held, these rule changes did not eliminate the constructive filing exception to the 60-day rule in cases where an appeal is untimely because of negligence or misfeasance by prison officials or counsel. However, we conclude they did abrogate the *Dailey* doctrine. The distinction between 10 days and 60 days speaks for itself. It is not unreasonable to require an incarcerated defendant to file his notice of appeal by actual presentation to the county clerk within 60 days as the rule now requires. Indeed, in *Benoit* the Supreme Court expressed the same view, stating: ". . . the purpose of extending the time to appeal from 10 days to 60 days was to eliminate what was believed to have been an unduly short period especially for the defendant in custody and under a procedure no longer permitting an oral notice of appeal in open court. We believe that the 60-day period is now sufficient for defendants, including those in prison or other custody, who desire to take the appeal personally and without counsel, particularly in view of the notification of appeal rights . . ." required by rule 250. (10 Cal.3d at p. 88.)

■ The conditions which created the need for the "prison filing" doctrine created in *People* v. *Dailey* have been eliminated and with them the reasons to continue indulging that particular legal fiction. In the absence of some showing that the failure to file a notice of appeal with the county clerk on or before the 60th day following rendition of judgment was the fault of some authority or person beyond the control of the defendant, relief from default will be denied. In order to obtain such relief, a defendant must establish that the notice of appeal was placed in the prison mail, or some other process of transmittal was commenced, sufficiently in advance of the filing deadline that in the normal course of prison mailing and United States postal procedures or other means of transmittal utilized, it would have been received by the county clerk on or before the 60th day after judgment.

In the present case, such evidence is lacking. Defendant's declaration states only that he put his notice of appeal in the prison mailbox on the Friday before the Monday which was the last day for filing. There is no showing when mail placed in that box is collected, the normal time required

by the institution to process inmate mail and deliver it to the Postal Service or any other relevant facts. The record shows only that defendant, for reasons unexplained, waited until the last moment before acting to perfect his appeal.

The application for relief from default is denied.

Sparks, J., and Marler, J., concurred.

A petition for a rehearing was denied April 20, 1990, and appellant's petition for review by the Supreme Court was denied June 27, 1990. Mosk, J., was of the opinion that the petition should be granted.