Filed 9/21/16  P. v. Brown CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TRAVON D. BROWN et al.,<br><br>Defendants and Appellants. | B262902<br><br>(Los Angeles County<br>Super. Ct. No. MA062393) |

APPEAL from judgments of the Superior Court of Los Angeles County, Charles A. Chung, Judge.  Affirmed as to Brown; affirmed in part, remanded in part as to Halpin.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant Travon D. Brown.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant Tyler J. Halpin.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

We affirm Travon D. Brown's and Tyler J. Halpin's judgments of conviction. For reasons we shall explain, we remand the case to the trial court to resentence Halpin.

## FACTS AND PROCEDURE

### 1. *The Crimes*

During the afternoon of March 11, 2014, Halpin (who was then almost 21) and Brown (who was then almost 30) robbed Garthen Lenon and Michael Griffin at gunpoint. Both defendants were armed. Lenon sold marijuana to defendants prior to the robbery.[1] Lenon and Griffin both recognized Halpin from school or extracurricular activities.

Defendants took Griffin's phone and wallet. They took Lenon's wallet, money, watch, and car keys. After the robbery, Lenon and Griffin chased defendants, and Halpin shot his gun, possibly in their direction. Lenon told officers that Halpin shot in his direction, but at trial he testified that he was not sure whether Halpin pointed at him. Halpin testified that the gun discharged accidentally, but a tape-recorded phone call suggested that he discharged the gun to prevent Lenon and Griffin from obtaining his license plate information. Additionally, Halpin told a deputy sheriff that he was trying to scare the victims when he discharged his firearm.

Days after the robberies, when officers located Brown, he had a firearm in his vehicle that was fully loaded and ready to fire. He also was carrying extra ammunition.

Halpin testified in his defense. He testified that he was a member of a gang but did not commit crimes on behalf of the gang. Halpin acknowledged that he had a misdemeanor conviction for receiving stolen property and testified that it had been expunged.

With respect to the current robbery, Halpin testified that he initially refused to commit the robbery but Brown forced him to participate because he owed Brown money for a marijuana debt. Halpin knew that Brown recently had been released from prison and was a gang member. Halpin testified that he was apprehensive when Brown told him he would "beat" him if he did not participate in the robbery. Halpin testified that his gun

---

[1] Lenon had been granted immunity prior to trial.

discharged but he did not aim at anyone. He claimed that he initially believed he had shot himself.

It was undisputed that Brown was a member of Liggett Street gang.

## 2. *The Convictions*

Jurors found Brown guilty of two counts of second degree robbery (Lenon and Griffin). Jurors found Brown personally used a firearm, and a principal intentionally discharged a firearm within the meaning of Penal Code section 12022.53, subdivisions (b), (c) and (e)(1).[2] Jurors found Brown guilty of two counts of assault with a firearm, and that with respect to each Brown personally used a firearm within the meaning of section 12202.5, subdivisions (a) and (d). Jurors found Brown guilty of two counts of being a felon in possession of a firearm (the possession occurring on different days and including different weapons). Jurors also found Brown guilty of possession of ammunition by a felon. With respect to all counts, jurors found the alleged gang enhancement *not* true. In a court trial, the court found beyond a reasonable doubt that Brown previously had been convicted of assault with a firearm.

Halpin was convicted of two counts of second degree robbery (Lenon and Griffin). With respect to each, jurors found that Halpin personally used and intentionally discharged a firearm within the meaning of section 12022.53, subdivisions (b) and (c). Jurors also found Halpin guilty of assault with a semiautomatic firearm on Lenon and that Halpin personally used a firearm within the meaning of section 12022.5, subdivisions (a) and (d). Jurors further found that Halpin discharged a firearm with gross negligence in violation of section 246.3, subdivision (a). With respect to all counts, jurors found a gang allegation *not* true.

## 3. *Brown's Sentence*

The probation officer's report for Brown indicated that Brown had been incarcerated for 14 years for assault with a firearm and had been placed on parole in September 2013. He was on parole at the time he committed the crimes in the current

---

[2]     Undesignated statutory citations are to the Penal Code.

case. With respect to the current crimes, the report identified the following circumstances in aggravation: (1) the crime involved the threat of great bodily harm; (2) Brown was armed at the time he committed the crime; (3) the crime indicated planning, sophistication or professionalism; (4) Brown engaged in violent conduct indicating he was a serious danger to society; (5) Brown's prior convictions are numerous or of increasing seriousness; (6) Brown served a prior prison term; and (7) Brown was on parole when the crime was committed. The probation officer's report identified no circumstances in mitigation. In the People's sentencing memorandum, the prosecutor argued that Brown took advantage of a position of trust or confidence to commit the offense.

At Brown's sentencing hearing, the court asked if defense counsel wanted to argue. Brown's counsel responded "no." After discussing the application of section 654 with the prosecutor, the court pronounced sentence imposing an aggregate sentence of 33 years. It selected the high term of five years for the robbery of Lenon and doubled that term because of Brown's prior serious felony conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The court added 10 years for the section 12022.53, subdivision (b) firearm enhancement. For the second robbery count, the court sentenced Brown to a total of five years four months, comprised of one-third the midterm, doubled for the substantive offense, and one-third the enhancement term. For being a felon in possession of a firearm, the court sentenced Brown to one-third the midterm and doubled the sentence, totaling one year four months. For possession of ammunition, the court sentenced Brown to one-third the midterm and doubled it, totaling one year four months. The other counts were stayed under section 654. The court selected all sentences to run consecutively. It imposed a five-year prison prior (§ 667, subd. (a)) and a $9,900 restitution fine.

## 4. *Halpin's Sentence*

With respect to Halpin, the probation officer's report indicated that Halpin had no criminal history. The following three circumstances in aggravation were identified: (1) the crime involved the threat of great bodily harm; (2) Halpin was armed with and used a

4

weapon at the time of the crime; and (3) the manner of the crime indicated planning, sophistication, or professionalism.  In mitigation, the probation officer noted Halpin's lack of a prior record.

In a sentencing memorandum, the prosecutor urged the court to impose the maximum sentence.  As factors in aggravation, the prosecutor argued that (1) Halpin prevented or dissuaded witnesses from testifying, suborned perjury, or illegally interfered with the judicial process; (2) the manner the crime was committed indicated planning, sophistication or professionalism; and (3) Halpin took advantage of a position of trust or confidence to commit the offense.  The prosecutor argued consecutive sentences should be imposed because there were separate victims.

At Halpin's sentencing hearing, defense counsel asked to be heard, and the court gave him an opportunity to argue.  Counsel requested that the court "minimize the seriousness of what occurred that day."  Counsel emphasized that Halpin was young, did not have a significant prior record, and did not have a history of violence.

The court then discussed restitution and appellate rights.  Next the court pronounced sentence, without providing any reasons for its sentencing choices.  For the robbery of Lenon, the court selected the high term of five years and added 20 years for the section 12022.53, subdivision (c) firearm enhancement.  The court sentenced Halpin consecutively for the robbery of Griffin to one-third the midterm for the substantive offense and one-third the enhancement term, totaling seven years eight months.  The court stayed the remaining counts under section 654.  Halpin's aggregate sentence was 32 years eight months.

**DISCUSSION**

Both Brown and Halpin challenge their sentences and argue that resentencing is required.  As we shall explain, we conclude that resentencing is necessary only with respect to Halpin.

*1. Brown*

Brown argues that he received the ineffective assistance of counsel because his counsel presented no argument regarding sentencing.

5

" 'In order to demonstrate ineffective assistance of counsel, a defendant must first show counsel's performance was "deficient" because his [or her] "representation fell below an objective standard of reasonableness . . . under prevailing professional norms." [Citations.] Second, he [or she] must also show prejudice flowing from counsel's performance or lack thereof. [Citation.] Prejudice is shown when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." ' " (*In re Harris* (1993) 5 Cal.4th 813, 832-833.) An attorney that fails to pursue an advantageous sentencing choice for his client may be incompetent. (*People v. Scott* (1994) 9 Cal.4th 331, 351.) A defendant bears the burden of proving ineffective assistance of counsel by a preponderance of the evidence. (*People v. Powell* (2011) 194 Cal.App.4th 1268, 1298.)

Brown argues that he received the ineffective assistance of counsel because his counsel did not advocate for a more favorable sentence. Brown further argues that had his counsel advocated on his behalf "it is reasonably probable that Brown would have received a middle term instead of a high term sentence, received concurrent sentences, or received a lesser restitution fine."

Brown has not demonstrated that there was an advantageous sentencing choice for his counsel should have pursued. There was *no* mitigating factor and *numerous* aggravating factors. It is conceivable that Brown's counsel made no argument because there was no meritorious contention to advance. At least for purposes of this appeal, Brown has not identified one.

Moreover, nothing in the record supported Brown's claim that he suffered prejudice from his counsel's failure to argue that his sentence should be different. For example, although Brown recognizes that the aggravating factor that the crimes were committed in a manner indicating planning, sophistication, or professionalism requires only one of the three criteria, he argues the crime showed only planning. Planning was sufficient, and there was strong evidence of planning. It was undisputed that Brown played a lead role in the robberies and may have forced Halpin to participate. Thus, even

6

if as Brown argues there was no evidence of sophistication or professionalism, that argument fails to suggest that Brown should have or could have received a more favorable sentence because the record overwhelmingly showed Brown planned the robberies. Additionally, several other aggravating factors supported Brown's sentence. Most notably, he had recently been released from prison on a similar offense and was on parole when he committed the current robberies.

Next, Brown argues that his gang membership was not relevant, and that the fact he possessed firearms and ammunition were elements of crimes for which he was convicted. Assuming his arguments are accurate, they do not undermine the numerous aggravating factors that supported Brown's sentence. Finally, Brown's argument that the trial court may have been receptive to a lesser restitution fine because he could not afford the $9,900 amount is not persuasive because it assumes facts not in the record and is not supported by any evidence in the record. In short, Brown fails to demonstrate any prejudice from his trial counsel's silence on the issue of the appropriate sentence. (See *People v. Ortiz* (2012) 208 Cal.App.4th 1354, 1373-1374 [finding no prejudice when defendant's trial counsel failed to object to the court's imposition of the upper term].)

## 2. *Halpin*

Halpin also argues resentencing is required.

### a. No Forfeiture

Here, the court imposed the upper term identifying no reason for its decision. The court also imposed consecutive sentences identifying no reason for that selection. Respondent acknowledged that the trial court provided no reason for its sentencing choices. Respondent, however, argues that Halpin's argument is forfeited.

Halpin's argument is not forfeited. Our Supreme Court has held that "a party in a criminal case may not challenge the trial court's discretionary sentencing choices on appeal if that party did not object at trial." (*People v. Gonzalez* (2003) 31 Cal.4th 745, 748, 752.) However, our high court emphasized that "counsel must have a 'meaningful opportunity to object [which] can occur only if, during the course of the sentencing hearing itself and before objections are made, the parties are clearly apprised of the

7

sentence the court intends to impose, and the *reasons that support any discretionary sentencing choices*.' " (*Id*. at p. 748.) Because the trial court never identified its reasons supporting its discretionary choices, Halpin's counsel never had a meaningful opportunity to object.

*b. Resentencing Is Required*

A court has discretion to select the term of confinement when as in the robbery statute, the statute specifies three terms. (Pen. Code, § 1170, subd. (b).) "The court shall select the term which, in the court's discretion, best serves the interests of justice. The court shall set forth on the record the reasons for imposing the term selected . . . ." (*Ibid*.) The court also had discretion to sentence to concurrent terms if as here multiple current felony convictions were committed on the same occasion and arose from the same operative facts. (*People v. Hendrix* (1997) 16 Cal.4th 508, 512-513.) The court was required to state its reasons to support its consecutive sentence. (*People v. Powell, supra*, 194 Cal.App.4th at p. 1297; *People v. Garcia* (1995) 32 Cal.App.4th 1756, 1769.)

Respondent argues that the trial court must have relied on the factors listed in the prosecutor's sentencing memorandum and/or the probation officer's report. However, that assumption is not supported by the record because the court did not identify any factor included in either the memorandum or report to support its decision. Nor is this a circumstance where the upper term appeared inevitable. There were mitigating factors which the court could have relied on justifying a low term or midterm sentence. Halpin had no significant prior record, having been convicted only of a misdemeanor that later was expunged. Halpin testified that he was forced by Brown to commit the robbery and that he felt scared and pressured. Although he was a gang member, he had no history of violence. Additionally, Halpin acknowledged his participation in the robbery, admitting his guilt. The court may have selected a different term had it stated its reasons, and resentencing therefore is required. (*People v. Sanchez* (1994) 23 Cal.App.4th 1680, 1684, 1688 [resentencing is required when it is reasonably probable a more favorable result would have been reached in the absence of the error]; *People v. Calvert* (1993) 18 Cal.App.4th 1820, 1838 [remand for resentencing is appropriate when court fails to state

8

reasons for consecutive sentences]; *People v. Wychocki* (1987) 188 Cal.App.3d 1063, 1066 [resentencing required when court failed to provide reasons for denying probation and defendant had no prior criminal record].)

## DISPOSITION

Brown's conviction is affirmed (and no resentencing is required). Halpin's conviction is affirmed, but the matter is remanded for resentencing.


FLIER, J.

WE CONCUR:


BIGELOW, P. J.


RUBIN, J.


9