[Crim. No. 20397. Second Dist., Div. Four. Mar. 29, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD RAYMOND LUICK, Defendant and Appellant.

■■■■■■■■■■■■

COUNSEL

Clifford Douglas, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Robert F. Katz and Ronald M. Weiskopf, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**KINGSLEY, J.**—Defendant was charged with burglary, in violation of section 459 of the Penal Code. After a trial by the court, he was found guilty of burglary in the second degree and sentenced to state prison; he has appealed. We modify the judgment and affirm it as modified.

I

It is not, and could not be, contended that the evidence does not support the finding of guilt. On the guilt issue it is argued, only, that evidence of a statement made by defendant after his arrest was improperly admitted because defendant had not been given adequate *Miranda* warnings. Although the police officer's first recitation of the warnings given was deficient in one respect, his further testimony supplied that omission. We cannot say that the trial court's implied finding of adequacy was without support in the record. In any event, the statement was entirely exculpatory and its admission could by no possibility have been prejudicial. (*Chapman* v. *California* (1967) 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824, 24 A.L.R.3d 1065].)

II

Originally the information charged only the substantive offense of burglary, to which defendant pled not guilty and as to which issue he duly waived trial by jury. Thereafter, the information was amended to allege five prior felony convictions (three of "joyriding" and two of burglary). He denied the priors, but no new jury waiver was taken. Ultimately the trial court struck the three joyriding convictions "in the interest of justice" but the judgment recites as true the two burglary convictions.

■■■■ It is here contended that this procedure violated defendant's con-

stitutional right to a trial by jury on the issue of the priors and that it, also, violates the procedural requirement of section 969½ of the Penal Code.[1] We agree.

■ It is true that, where the prior felonies have been properly charged *before* a jury waiver is taken, the waiver applies to those allegations as well as to the substantive offenses involved. (*People* v. *Berutko* (1969) 71 Cal. 2d 84, 94 [77 Cal.Rptr. 217, 453 P.2d 721]; *People* v. *Russell* (1961) 195 Cal.App.2d 529, 532 [16 Cal.Rptr. 9]; *People* v. *Ysabel* (1938) 28 Cal. App.2d 259, 263 [82 P.2d 476].) It does not necessarily follow that the converse is true.

We have found no case in point. In *People* v. *Walker* (1959) 170 Cal. App.2d 159 [338 P.2d 536], relied on by defendant, the information was amended, after the jury waiver, to charge a different and more serious offense. The holding that a new waiver was required under those circumstances, likewise, does not compel a similar holding in the case at bench.

■ The People rely on the silence of defendant and his counsel when the prosecutor told the court that jury had "previously" been waived and on the fact that defendant and counsel had proceeded with the trial of the priors without objection. ■ But jury waiver, if required, cannot be implied from conduct; there must be an express and knowledgeful waiver. (*People* v. *Holmes* (1960) 54 Cal.2d 442 [5 Cal.Rptr. 871, 353 P.2d 583]; *People* v. *De Blasio* (1963) 219 Cal.App.2d 767 [33 Cal.Rptr. 473].)

■ The People also point to the discussion in *People* v. *Ysabel* (1938) *supra*, 28 Cal.App.2d 259, 262-264, to the effect that the determination of priors must, under the statutory scheme, be determined by the same trier of fact as the trier of the issue of guilt. We cannot accept that proposition as absolute. While the priors must be determined in the same pro-

---

[1]Section 969½ of the Penal Code reads: "Whenever it shall be discovered that a pending complaint to which a plea of guilty has been made under section 859a of the code does not charge all prior felonies of which the defendant has been convicted either in this state or elsewhere, said complaint may be forthwith amended to charge such prior conviction or convictions and such amendments may and shall be made upon order of the court. The defendant shall thereupon be arraigned before the court to which the complaint has been certified and must be asked whether he has suffered such previous conviction. If he answers that he has, his answer must be entered by the clerk in the minutes of the court, and must, unless withdrawn by consent of the court, be conclusive of the fact of his having suffered such previous conviction in all subsequent proceedings. If he answers that he has not, his answer must be entered by the clerk in the minutes of the court, and the question whether or not he has suffered such previous conviction must be tried by a jury impanelled for that purpose, unless a jury is waived, in which case it may be tried by the court. The refusal of the defendant to answer is equivalent to a denial that he has suffered such previous conviction."

ceeding and, ordinarily, at the same trial, it is common practice in cases tried to a jury to submit the priors to the court, without a jury, at the time of sentence. We can see no reason why defendant, if he should so desire, might not reverse the process.[2]

██ ██ Since we conclude that, where allegations of priors are added *after* a jury waiver, defendant must, personally and expressly, waive jury trial on the issue thus presented, it follows that the trial court committed error.[3] ██ The error, however, does not require a reversal. The issue of guilt was properly presented to the trial court and properly determined.[4] The interests of justice can be served by striking from the judgment the reference to the two priors remaining.

The judgment is modified by deleting therefrom the language relating to prior convictions; as so modified it is affirmed.

Jefferson, Acting P.J., and Dunn, J., concurred.

---

[2]We recognize that the usual procedure is designed to keep from the jury, on the issue of guilt, knowledge of the prior offenses. In a trial to the court that tactic is not involved. But a defendant's choice of fact triers does not depend on our opinion as to its wisdom or its logic.

[3]It should be noted that the amendment was made before a judge other than the arraigning judge.

[4]The reporter's transcript shows that the issue of guilt was determined prior to the time that the court began consideration of the priors.