[Crim. No. 11736. Fourth Dist., Div. One. Apr. 20, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
JIMMIE MARSHALL BELL, Defendant and Appellant.

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Barbara A. Smith, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney Gen-

eral, Jay M. Bloom and Rudolf Corona, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**THE COURT.\***—Jimmie Bell pleaded guilty to first degree burglary (Pen. Code, § 459) and admitted suffering a previous felony conviction. He was sentenced to prison and appeals, claiming (1) his guilty plea was improperly received by the court and (2) his trial counsel was incompetent. We find merit in Bell's first contention and reverse the judgment on that basis. We therefore need not adddress the remaining contention. We also omit the facts of the burglary because they are irrelevant to the appeal.

Before accepting Bell's guilty plea and admission of the prior conviction, the trial court explained to Bell the consequences of his conviction. The court also discussed with Bell the facts surrounding the burglary. The following colloquy then occurred:

"THE COURT: Now, do you understand, Mr. Bell, that if you do plead guilty to the charge *of burglary*, that you're giving up your right to have a trial? There won't be any trial. Is that your understanding of that?

"BELL: Yes.

"THE COURT: And is that what you wish to do?

"BELL: Yes.

"THE COURT: Further, you are giving up your privilege to cross-examine, your right to cross-examine the witnesses for the prosecution. You give up that right if you plead guilty. Do you know that?

"BELL: Yes.

"THE COURT: And further, and more importantly, by pleading guilty you are giving up your privilege against self-incrimination. You're convicting yourself of *this offense*, and you don't have to do that if you

---

*Before Brown (Gerald), P. J., Cologne, J., and Staniforth, J.

don't wish to do it. It must be a free and voluntary decision on your part. You understand that?

"BELL: Yes.

"THE COURT: And is it your desire to give up that right, that privilege against self-incrimination?

"BELL: Yes." (Italics added.)

After more discussion the court asked Bell if he wished to admit the earlier felony conviction, to which Bell replied affirmatively. The court, however, failed to advise Bell by admitting the prior conviction he was waiving his right to jury trial, cross-examination of witnesses against him and against self-incrimination in connection with the conviction. The court then accepted Bell's plea.

In *Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 605 [119 Cal.Rptr. 302, 531 P.2d 1086], the California Supreme Court held whenever a defendant pleads guilty, "the record shall reflect . . . he has been advised of his right to a jury trial, to confront and cross-examine witnesses, and against self-incrimination. . . . Express waivers of the enumerated constitutional rights shall appear." While there is no requirement the defendant be advised of these three rights "in optimum legalistic constitutional terminology," (*People* v. *English* (1981) 116 Cal.App.3d 361 [172 Cal.Rptr. 122]), we must inquire, "[D]id [the language used] communicate to the defendant the essential character of the constitutional privilege in lay language, or did it require resort to inference?" (*Id.*)

We are satisfied as to Bell's plea on the burglary, the court properly informed him of his right to confront and cross-examine the witnesses against him and his right not to be forced to incriminate himself and the court obtained waivers of these rights from Bell. However, we cannot conclude *from the face of the record* (see *In re Tahl* (1969) 1 Cal.3d 122, 132 [81 Cal.Rptr. 577, 460 P.2d 449], cert. den. 398 U.S. 911 [26 L.Ed.2d 72, 90 S.Ct. 1708]), Bell was aware he had a right to a jury trial, as opposed to a trial by the court, and he freely waived that right.[1] We might be able to infer based on Bell's past experience with

---

[1]The People contend *People* v. *Lizarraga* (1974) 43 Cal.App.3d 815 [118 Cal.Rptr. 208], compels a contrary result, therein, the Court of Appeal found sufficient the trial court's advisement the defendant had a right to a trial, even though the court failed to

the criminal justice system, he was well aware he was waiving his right to trial *by jury*, however, such "'inference, no matter how plausibly drawn from the evidence, does not suffice.' [Citation.]" (*People* v. *Johnson* (1978) 77 Cal.App.3d 866, 876 [143 Cal.Rptr. 852].)[2]

The *Bunnell* mandate applies not only to guilty pleas, but to admissions of prior convictions. (See *In re Yurko* (1974) 10 Cal.3d 857 [112 Cal.Rptr. 513, 519 P.2d 561].) Here, however, the sentencing court failed to advise Bell of any of the three rights he had in connection with the prior conviction allegation, nor did it solicit from him a waiver of those rights.[3] His admission of the conviction as well as his guilty plea to the robbery must be voided. (See *In re Tahl, supra*, 1 Cal.3d 122.)

Judgment reversed.

A petition for a rehearing was denied April 30, 1981, and respondent's petition for a hearing by the Supreme Court was denied July 28, 1981. White, J.,* participated therein. Richardson, J., and White, J.,* were of the opinion that the petition should be granted.

---

mention the word "jury." However, before he decided to plead guilty, Lizarraga waived a jury trial and stated his desire to be tried by the court. That early waiver excused the court's failure to specify Lizarraga had a right to trial *by jury*, "The procedures laid down in [Bunnell] were formulated in the context of the accused's yet unfulfilled right to a jury trial. Here the procedural context differs, because the accused had already waived a jury. . . .

". . . [T]here was no reason to inform the accused that he was about to waive for a second time a right already waived . . . After an effective waiver of jury trial, the [Bunnell] requirements are satisfied by an admonition that the concession will be a waiver of the right to a trial." (*Id.* at p. 819.) Here, however, Bell made no such waiver and nothing on the face of the record demonstrates he was aware of his right to trial by jury.

[2]Before the court accepted his plea, Bell signed a standard change of plea form, then stated in open court he understood all the information contained in the form. Section 8 of the form states Bell understands the three rights addressed in *Bunnell* and "defendant knowingly and intelligently gives up these . . . rights." The People now argue Bell's signing of the form excuses the court's failure to adhere to the *Bunnell* directive, citing *Mills* v. *Municipal Court* (1973) 10 Cal.3d 288 [110 Cal.Rptr. 329, 515 P.2d 273]. However, *Mills* involved a guilty plea to a misdemeanor, not a felony, and the court was careful to point out less stringent procedures apply to misdemeanor pleas. The court further concluded to hold otherwise would necessitate defendant's presence in court to plead guilty in abrogation of the statutory benefit misdemeanor defendants have in allowing their attorneys to plead guilty in their behalf. In contrast, a felony defendant must be present when his plea is taken. The court's careful delineation of felony and misdemeanor cases in *Mills* indicates its unwillingness to apply the rules governing one to the other.

[3]The People's argument as outlined in footnote 2 applies equally in this context. We, however, reject it for the reasons stated in that footnote.

*Assigned by the Chairperson of the Judicial Council.