[No. E006479. Fourth Dist., Div. Two. June 21, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT WALTER FORREST, Defendant and Appellant.

[Opinion certified for partial publication.*]

* Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II and III.

676

COUNSEL

Peter A. Estern, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Frederick R. Millar, Jr., and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HOLLENHORST, Acting P. J.**—Pursuant to a plea agreement, defendant pled guilty before a magistrate (Pen. Code, § 859a) to two counts of robbery (Pen. Code, § 211), admitted the allegations that, in connection with each robbery, defendant used a dangerous weapon (Pen. Code, § 12022, subd.(b)), admitted the truth of two alleged prior serious felony convictions (Pen. Code, § 667, subd. (a)) and admitted that he had served a prior prison term (Pen. Code, § 667.5, subd. (b)).[1] After defendant's motion to withdraw his guilty plea was denied, the trial court sentenced defendant to state prison for 15 years, in accordance with the terms of the plea agreement.

Defendant asserts three issues in this appeal from the judgment. We conclude that each of defendant's contentions lacks merit and affirm the judgment.

### I.

### ADVISEMENT AND WAIVER OF CONSTITUTIONAL RIGHTS

██  Defendant's first claim is that the magistrate who took defendant's guilty plea failed to advise defendant expressly of defendant's constitutional right to a jury trial on the issue of the prior convictions and failed to obtain an express waiver of that right from defendant. ██ ██ ██ The Attorney General contends that a "full and fair reading of the record" reflects that defendant was properly advised of, and knowingly waived, defendant's right to a jury trial on both the current charges and the prior convictions.[2]

---

[1] The original felony complaint alleged that defendant had suffered three prior serious felony convictions within the meaning of Penal Code section 667, subdivision (a). Pursuant to the plea agreement, the district attorney amended the third alleged prior serious felony conviction to a prior prison term allegation under Penal Code section 667.5, subdivision (b).

[2] The Attorney General also claims that defendant is precluded from challenging the validity of the guilty plea because he did not file the proper "statement under penalty of perjury regarding a certificate of probable cause pursuant to [Penal Code] section 1237.5," and therefore did not obtain the requisite certificate from the lower court.

The version of Penal Code section 1237.5 in effect at the time defendant initiated this appeal required defendant to file ". . . as part of the notice of appeal a written statement,

■ The federal Constitution requires that, in order for a guilty plea to be knowing and voluntary, it must be based on an express and knowing waiver of the defendant's constitutional right to a jury trial, to confront witnesses and against self-incrimination. (*Boykin* v. *Alabama* (1969) 395 U.S. 238, 242-244 [23 L.Ed.2d 274, 279-280 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122, 130-131 [81 Cal.Rptr. 577, 460 P.2d 449].) It is error, reversible per se, to fail to advise and obtain a waiver of any of these three rights. (*In re Tahl, supra,* 1 Cal.3d at p. 130; see *In re Ibarra* (1983) 34 Cal.3d 277, 283, fn. 1 [193 Cal.Rptr. 538, 666 P.2d 980].)

Our review of the transcript of the Penal Code section 859a proceeding reveals that the magistrate did expressly advise defendant of his constitutional rights, including the right to a jury trial.[3] The record also reflects that defendant expressly waived each of these rights.[4] ■ Given these advisements and waivers, we can only interpret defendant's claim to mean that before accepting a guilty plea and admissions of prior convictions in a single plea proceeding, the magistrate must expressly and *separately* advise

executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional or other grounds going to the legality of the proceedings." Defendant did file a written statement with his notice of appeal, although the statement was not "executed under oath or penalty of perjury." We conclude that defendant, who was not represented by counsel when he filed the notice of appeal, substantially complied with the requirements of Penal Code section 1237.5. We shall, therefore, address the merits of defendant's challenge to the validity of the guilty plea.

[3] At the outset of the proceeding, defendant's attorney advised the court that there would be a change of plea. Defendant's attorney then stated the terms of the plea agreement, setting out what was effectively a plea as charged in return for a stipulated sentence of 15 years in state prison. The court, after confirming defendant's true name, explained to defendant that the guilty plea could not be accepted without first reviewing the legal rights defendant was "giving up by pleading guilty." The court then explained defendant's rights—"You are advised of your legal rights as follows: [¶] You have the right to have an attorney defend you at all stages of these proceedings. The Public Defender's office has been appointed to represent you, and that office will continue to provide you with an attorney free of charge throughout this case. [¶] You have a right to a preliminary hearing. [¶] You have a right to a speedy and public trial by jury. [¶] You have the right to see and hear all witnesses testifying against you and to question them in court through your attorney. [¶] You have the right to remain silent at all times. You cannot be made to testify against yourself at your trial or at any proceeding. You have a right to testify in your defense if you wish. [¶] You have the right to present witnesses at your preliminary hearing and jury trial to testify in your defense, and you have the right to request the Court at no cost to you to issue subpoenas to compel their attendance in court. [¶] You have the right to be released from jail upon posting reasonable bail."

[4] Following the rights advisement, the court outlined the terms of the plea, that defendant would be pleading guilty to two counts of robbery in the first degree, admitting the use allegation (the court erroneously referred to only one use allegation when in fact defendant actually admitted both allegations) and admitting the prior convictions. The defendant confirmed that he intended to waive his rights and enter a plea as outlined by the court. The court then took the following waiver from defendant: "Do you give up your right to a jury trial, your right to confront and cross-examine all witnesses against you, your privilege against self-incrimination, and your right to have the Court subpoena witnesses to testify in your defense?" Defendant responded, "Yes, I do."

defendant of his right to a jury trial on the prior convictions. We find no direct authority for this contention.

Defendant relies on *People* v. *Luick* (1972) 24 Cal.App.3d 555 [101 Cal.Rptr. 252] and *People* v. *Laury* ■ (Cal.App.) to support the contention that defendant must expressly be advised of and waive the right to a jury trial on the prior convictions. The Supreme Court held in *In re Yurko* (1974) 10 Cal.3d 857, 862-863 [112 Cal.Rptr. 513, 519 P.2d 561] that the *Boykin* and *Tahl* requirements of an express advisement and knowing waiver of defendant's constitutional rights apply to admissions of prior convictions. Consequently, we cannot and do not dispute defendant's assertion as an accurate statement of the law.

Defendant's analysis fails, however, in the application of the legal principle to the facts in this case. The critical fact which distinguishes *Yurko*, and the cases relied on by defendant, from this case is that in each of those cases, the prior conviction and the current substantive offense to which the prior conviction related were each addressed in separate proceedings. In *Yurko*, the defendant admitted the prior convictions, on the advice of his attorney, before the start of a jury trial on a burglary charge.[5] There is nothing in *Yurko* or the cases cited by defendant which requires a separate advisement and waiver of rights where, as here, defendant in a single proceeding pleads guilty to a current charge and also admits that he suffered prior convictions.[6]

---

[5] In *People* v. *Luick, supra*, 24 Cal.App.3d 555, after defendant waived his right to a jury trial on the original charge of burglary, the information was amended to add five prior conviction allegations. Defendant denied the allegations but did not expressly waive the right to a jury trial on those allegations. The court held ". . . that, where allegations of priors are added *after* a jury waiver, defendant must, personally and expressly, waive jury trial on the issue thus presented, . . ." (*Id*. at p. 559.) Similarly, in *People* v. *Laury** (Cal.App.) defendant was charged with selling cocaine and having suffered two prior convictions. The jury found defendant guilty of the current charge but was dismissed before determining the truth of the prior conviction allegations, which the trial court, in turn, considered for purposes of sentencing. The court held that it was error to consider the prior convictions in the absence of defendant's express waiver of his right to a jury trial on the prior conviction allegations. (*Id*. at p. 716.)

[6] We recognize that defendant's claim is limited solely to the advisement and waiver of the right to a jury trial on the prior conviction allegations. We note, however, that if the advisement and waiver in this case were defective, as defendant claims, they were also defective as to the right against self-incrimination and the right to confront and cross-examine witnesses. Defendant's focus on the right to a jury trial may be the result of erroneous reliance on cases which do not clearly support defendant's position. The focus may also be the result of an effort to mask what is ultimately an untenable argument. With respect to the latter, if defendant's assertion is taken to its logical conclusion, the magistrate should have separately advised defendant of defendant's constitutional rights on each robbery count, gun use allegation

We are aware of only two cases, neither of which are cited by the parties, which imply that separate advisement and waiver of rights is required where defendant, in a single proceeding, enters a guilty plea which includes admissions of prior conviction allegations. In *People* v. *Bell* (1981) 118 Cal.App.3d 781 [173 Cal.Rptr. 669], Division One of this court, in reliance on *Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592 [119 Cal.Rptr. 302, 531 P.2d 1086], reversed a judgment based on a guilty plea which included an admission of a prior conviction where the record did not reflect clearly that defendant had been advised of and waived his right to a jury trial. The *Bell* court also held that, "The *Bunnell* mandate applies not only to guilty pleas, but to admissions of prior convictions. (See *In re Yurko* (1974) 10 Cal.3d 857 . . . . ) Here, however, the sentencing court failed to advise Bell of any of the three rights he had in connection with the prior conviction allegation, nor did it solicit from him a waiver of those rights. His admission of the conviction as well as his guilty plea to the robbery must be voided. [Citation.]" (*People* v. *Bell, supra,* 118 Cal.App.3d at p. 785, fn. omitted.)

We find that the facts in *Bell* are distinguishable from the facts in this case. Although the *Bell* court engaged in only a minimal recitation of the facts and circumstances surrounding the details of defendant's plea, it appears the court was particularly influenced by the fact that the trial court, in advising defendant of his rights and obtaining a waiver thereof, repeatedly only referred to defendant's current, substantive burglary offense. The trial court did not mention the prior conviction except to obtain defendant's admission of the allegation. (See *People* v. *Bell, supra,* 118 Cal.App.3d at pp. 783-784.) The manner in which the trial court in *Bell* administered the advisement had the effect, in our opinion, of implicitly separating the burglary charge from the prior conviction allegation. In this case, however, both the advisement and waiver of defendant's constitutional rights were preceded by a recitation of the plea bargain which included express reference to both the current offenses and the prior conviction allegations. We therefore decline to follow *Bell* here. We further find that *Bell* incorrectly interprets the requirements of *Yurko* to the extent *Bell implies that a separate advisement is always required where defendant, in a single plea proceeding, pleads guilty to a current offense and admits a prior conviction.*

The second case which indirectly addresses the separate advisement issue is *People* v. *Wright* (1987) 43 Cal.3d 487 [233 Cal.Rptr. 69, 729 P.2d 260], in which the Supreme Court held that where defendant submits to a court trial based on the transcript of the preliminary hearing, and the submission does not amount to a slow guilty plea, failure to advise defendant of defendant's constitutional rights violates the requirements of *Bunnell* v. *Superior*

and prior conviction allegation included in the plea. Defendant does not, and could not with any degree of sincerity, make such a claim.

*Court, supra,* 13 Cal.3d 592, but reversal is required only if prejudice is demonstrated. In reaching this conclusion, the court rejected the contention that the Constitution requires separate advisement and waiver of rights with respect to allegations that defendant was armed within the meaning of Penal Code section 12022, subdivision (a). The court specifically stated, albeit in a footnote, that "We reject defendant's contention that he was entitled to separate advisements on the arming allegations, as nothing in defendant's plea separated them from the substantive offenses. (Compare *People* v. *Casarez* (1981) 124 Cal.App.3d 641 . . . ; *People* v. *Bell* (1981) 118 Cal.App.3d 781, 785 . . . . )" (*People* v. *Wright, supra,* 43 Cal.3d, at p. 493, fn. 2.)

We find the court's analysis in *Wright* regarding the arming allegations equally applicable to the prior conviction allegations in this case. We hold that where there is nothing in the manner in which the plea is taken which actually or in effect separates the substantive offense from the prior conviction allegation, a single express advisement and waiver of defendant's constitutional rights is sufficient under *Boykin, Tahl* and *Yurko*. In this case, defendant's plea to the substantive offenses and admission of the prior convictions occurred in a single proceeding and were not actually separated in time. Nor did the magistrate separate the substantive offenses from the prior conviction allegations, in effect, by the manner in which the advisement was given and the waiver was taken, as was the case in *People* v. *Bell, supra,* 118 Cal.App.3d 781. Accordingly, we conclude that the single express advisement was sufficient in this case to inform defendant of each of his constitutional rights, including his right to a jury trial, with respect to both the guilty pleas to the substantive offenses and the admissions of the prior convictions and that defendant, as reflected in the record, knowingly waived each of those rights.

## II., III.*

. . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed.

Dabney, J., concurred.

**TIMLIN, J.**—I concur.

The majority's conclusion that, in this particular case, there was nothing in the manner in which the magistrate accepted the pleas of guilty to the

---

* See footnote, *ante,* page 675.

substantive charges, which actually or in effect separated the substantive offenses from the alleged sentence enhancements (enhancements), is correct. In other words, the pleas of guilty and admissions of the enhancements occurred at a single judicial proceeding during which both the pleas and the admissions were simultaneously made by the defendant. Further, *People* v. *Wright* (1987) 43 Cal.3d 487 [233 Cal.Rptr. 69, 729 P.2d 260], supports the majority's conclusion by its comment (at p. 493, fn. 2) that at such a proceeding a defendant is not entitled to a separate advisement of his constitutional rights regarding the enhancements.

I concur reluctantly, however, in the holding that defendant was properly advised of his basic constitutional rights regarding those sentence enhancement allegations which he admitted to be true, and that as to such allegations he expressly waived those rights intelligently, knowingly and voluntarily.

If judges and magistrates follow the lead in the majority opinion, defendants who are admitting enhancements simultaneously with pleas of guilty to substantive charges in the same complaint or information will not be separately advised that, as to each enhancement: (1) They are entitled to at least the three basic constitutional rights (right against self-incrimination, right to confront and cross-examine adverse witnesses and right to jury trial); and (2) an admission of such operates to waive those rights. They will be further deprived of a judicial determination whether as to each enhancement he/she understands those rights and is knowingly, intelligently and voluntarily waiving such by admitting the allegations.

It is my view that each enhancement (if found true) has at least the same punitive effect as each substantive charge in the same information or complaint. That is, if an enhancement is found true, the accused suffers the threat of loss of her/his fundamental right of liberty by imprisonment. Actually, in many instances, the threat is more certain and greater because some sentence enhancements result in mandatory incarceration and a longer sentence than the charges to which they may relate. (*In re Yurko* (1974) 10 Cal.3d 857, 862 [112 Cal.Rptr. 513, 519 P.2d 561].) These serious consequences demand individual advisements and findings by the judge or magistrate respecting enhancement allegations.

Moreover, the Supreme Court's footnote 2 in *People* v. *Wright, supra*, that separate advisements (and presumably waivers of such rights) need not be made and accepted as to enhancements which are not separated from the charged substantive offenses appears to conflict with the constitutional principles mentioned in *In re Yurko, supra*, 10 Cal.3d at page 863:

"*Boykin* holds that because of the significant constitutional rights at stake in extracting from an accused a guilty plea a court must exercise the 'utmost solicitude' of which it is capable in canvassing the matter with the accused to make sure he has a full understanding of what is being waived. Because of the significant rights at stake in obtaining an admission of the truth of allegations of prior convictions, which rights are often of the same magnitude as in the case of a plea of guilty, *courts must exercise a comparable solicitude in extracting an admission of the truth of alleged prior convictions.* Although the issue was not before the Supreme Court in *Boykin* nor before us in *Tahl*, it is nevertheless manifest that an accused is entitled to be advised of those constitutional rights waived by him in making such an admission. As an accused is entitled to a trial on the factual issues raised by a denial of the allegation of prior convictions, an admission of the truth of the allegation necessitates a waiver of the same constitutional rights as in the case of a plea of guilty. The lack of advice of the waivers so to be made, insofar as the record fails to demonstrate otherwise, compels a determination that the waiver was not knowingly and intelligently made.

"We conclude that *Boykin* and *Tahl* require, before a court accepts an accused's admission that he has suffered prior felony convictions, *express* and *specific* admonitions as to the constitutional rights waived by an admission. *The accused must be told that an admission of the truth of an allegation of prior convictions waives, as to the finding that he has indeed suffered such convictions, the same constitutional rights waived as to a finding of guilt in case of a guilty plea.*" (Italics added, fns. omitted.)

The California Supreme Court may wish to clarify whether its statements in footnote 2 of *People* v. *Wright, supra*, are consistent with *In re Yurko, supra*, and have the meaning as attributed by the majority.

It appears tangentially appropriate at this point to refer to the following statement in *People* v. *Ray* (1990) 220 Cal.App.3d 943 [269 Cal.Rptr. 682, 686] at page 950, which holds that the failure to advise a defendant that by admitting an alleged prior he gave up his right against self-incrimination was reversible error:

"It may be that *Yurko* is due for reexamination. Perhaps it should not be presumed that a defendant asked to admit a prior, who has either had a trial on the substantive offense, is shortly to have such a trial or *has just pled guilty after full advisement*, is so ignorant of his basic trial rights as to render his admission involuntary if additional advisements are not made. It is also possible that for the overwhelming majority of defendants facing an enhancement for prior conviction, the only real concern is the length of time by which the prison term will be increased if the allegation is admitted

or proved. Perhaps the full advisements mandated by *Yurko* are only a matter of form for most defendants, and reversal in cases such as the present one a waste of trial court time. Unless and until such questions are reexamined by our high court, however, intellectual honesty requires that we not subvert the clear mandate of *Yurko* by misapplying the rule of harmless error. *At present the problem may be prevented by the trial courts, which should exercise care to ensure that these basic advisements and waivers are fully executed.*

"In obedience to a long line of decisions from the federal and state Supreme Courts, we conclude that constitutional *Yurko* error—the failure to obtain, on the record, knowing waivers of the constitutional trial rights before accepting a defendant's admission of prior convictions—is per se reversible error." (Italics added.)

In the meantime, it is suggested that any judge or magistrate who receives an admission of an enhancement at the same time she/he accepts a guilty plea to a substantive charge specifically inform the defendant that he/she is entitled to the same constitutional rights regarding the enhancement as apply to the substantive charge, and that, by admitting such, she/he waives those rights. After such advice, the judicial officer should make findings respecting the defendant's understanding of such rights and that his/her admission will constitute a waiver of such. Finally, the judge or magistrate should recite further findings that such admission and resulting waiver were made knowingly, intelligently and voluntarily by the defendant.

These limited additional procedural steps will not add any substantial burden on a recognizedly overworked criminal trial bench but they will be in accord with the spirit, if not the mandate, of the *Boykin-Tahl-Yurko* constitutional precepts.

A petition for a rehearing was denied July 16, 1990, and appellant's petition for review by the Supreme Court was denied September 12, 1990.