[No. C008028. Third Dist. Nov. 28, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
AARON BERNARD GREY, Defendant and Appellant.

**COUNSEL**

James Warden, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney

General, Michael J. Weinberger and James T. McNally, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CARR, J.**—As part of a plea bargain, defendant pled nolo contendere to one count of assault with a deadly weapon (Pen. Code, § 245, subd. (a) (1)) and an allegation that he used a deadly weapon (Pen. Code, § 12022, subd. (d)) with the understanding that he would be sentenced to not more than the middle term plus the one-year enhancement for deadly weapon use. In exchange, the court dismissed one count of felony infliction of corporal injury on a spouse (Pen. Code, § 273.5) along with an associated deadly weapon-use allegation (Pen. Code, § 12022, subd. (b)). Thereafter, the court denied defendant's motion to withdraw the plea and sentenced defendant to state prison for the middle term of three years with the one-year enhancement, for an aggregate sentence of four years. On appeal, defendant asserts the court abused its discretion by denying his motion to withdraw his plea.

I

██ Initially, we observe that defendant has failed to abide by the requirements of Penal Code section 1237.5 (hereafter section 1237.5). Although the requirement of a certificate of probable cause has been abolished by a recent amendment to 1237.5, a verified statement demonstrating grounds for appeal is still required. Section 1237.5 provides: "No appeal shall be taken by a defendant from a judgment of conviction upon a plea of guilty or nolo contendere, . . . except where the defendant has filed as part of the notice of appeal a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings." A defendant who challenges the validity of the plea, as does defendant in this case, must file this section 1237.5 statement. (*People* v. *Ribero* (1971) 4 Cal.3d 55, 63-64 [92 Cal.Rptr. 692, 480 P.2d 308]; Cal. Rules of Court, rule 31(d).) Defendant herein states in his notice of appeal that "the court erred in denying the defendants [sic] motion to withdraw his plea." The notice of appeal is not accompanied by any other statement, and it is not executed under oath or penalty of perjury.

In *People* v. *Forrest* (1990) 221 Cal.App.3d 675, 678, footnote 2 [270 Cal.Rptr. 573], the Fourth District recently held that a defendant who is unrepresented by counsel substantially complies with section 1237.5 if he files a "written statement" with his notice of appeal even though the statement is not executed under oath or penalty of perjury. The *Forrest* court did

not set out in *haec verba* the "written statement" at issue or how or in what manner the unverified statement substantially complied with section 1237.5. Nor did it state any reasons for this departure from the clearly stated statutory requirements of section 1237.5. We part company with the *Forrest* court in that, in our view, a clear reading of section 1237.5 requires verification under oath or penalty of perjury of the written statement. When a defendant fails to satisfy the requirements of section 1237.5, and the record discloses no justification therefor, the appeal is not operative, and the appropriate disposition is dismissal. (*People* v. *Ballard* (1985) 174 Cal.App.3d 982, 985 [220 Cal.Rptr. 323].)

Though we decline to follow the *Forrest* court, we note we have in the case at bar a factor not present in *Forrest*. Defendant herein had been represented by the public defender until his motion to withdraw the plea. At the time defendant moved to withdraw his plea, the court relieved the public defender and allowed defendant to proceed with retained counsel. While the notice of appeal purports to be filed in propria persona, the notice was in fact signed by defendant's retained counsel. We, therefore, conclude it was prepared by such counsel and we must determine if counsel's conduct in failing to comply with section 1237.5 provides any relief for defendant.

## II

In the case of an indigent defendant, the trial attorney has a statutory duty to assist the defendant in preparing and filing a notice of appeal if, in the attorney's opinion, "arguably meritorious grounds exist." (Pen. Code, § 1240.1, subd. (b).) However, whether the defendant be indigent or not, he has the right to counsel and the right to appeal. (See *People* v. *Ribero, supra* 4 Cal.3d at pp. 64-66.) "The Legislature has conditioned the right to appeal from a plea of guilty upon the filing of the required statement. Advice or assistance of counsel in filing the notice of appeal is meaningless if counsel does not also advise or assist in preparation and filing of the required statement." (*Id.* at p. 66.)

In analogous cases, the Supreme Court has held that a criminal defendant may be relieved from default in filing a timely notice of appeal if " 'he makes a timely request of his trial attorney to file an appeal, thereby placing the attorney under a duty to file it, instruct the defendant how to file it, or secure other counsel for him.' " (4 Cal.3d at p. 65; *People* v. *Sanchez* (1969) 1 Cal.3d 496, 500 [82 Cal.Rptr. 634, 462 P.2d 386].) Failure to file the required statement along with the notice of appeal has the same result as the failure to file any notice of appeal at all; the appeal is not operative. (*People* v. *Ballard, supra,* 174 Cal.App.3d at p. 985.) A defendant who fails to make his appeal operative by filing the required statement should seek relief in the

same manner as a defendant who fails to file a timely notice of appeal. The defendant must seek relief in the form of an order of the Court of Appeal relieving him of the consequences of his failure to file an effective notice of appeal. (*People* v. *Casillas* (1990) 218 Cal.App.3d 1365, 1366 [267 Cal.Rptr. 700].) If the defendant cannot show that failure to file an effective notice of appeal "is attributable to negligence or inaction on the part of custodial officials, a dereliction of duty by counsel, or some other cause not the fault of the party seeking to appeal, relief is not available." (*Ibid.*)

Because it appears that trial counsel failed in his duty to assist competently in the filing of the notice of appeal, defendant would be entitled to an order relieving him from his deficient notice of appeal. We therefore consider defendant's appeal on its merits.

## III

The trial court may "for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." (Pen. Code, § 1018.) We will not reverse a denial of a motion to withdraw a guilty or nolo contendere plea unless the defendant clearly demonstrates an abuse of discretion. (*People* v. *Superior Court* (*Giron*) (1974) 11 Cal.3d 793, 796 [114 Cal.Rptr. 596, 523 P.2d 636].) The only reason defendant gives for his contention that the court should have allowed withdrawal of the plea is that he was given only five to ten minutes to consider the plea offer before he entered the plea. Defendant correctly points out, however, that the court in a similar case rejected this contention for the reason the defendant or his counsel had not requested additional time to consider the plea. (*People* v. *Watts* (1977) 67 Cal.App.3d 173, 182 [136 Cal.Rptr. 496].) Defendant failed to show good cause for the withdrawal of his plea.

## IV

By reaching the merits in this case we do not imply that we shall do so in all cases in which a defendant fails to file the appropriate section 1237.5 statement. The normal disposition for such omission is dismissal. We, however, perceive a need to alert trial attorneys to their duty to assist competently in preparing a notice of appeal. We further deemed it necessary to advise of the appropriate avenue of relief when the notice of appeal was not properly prepared by the trial attorney. This will ensure that the defendant will have the opportunity to fully litigate "arguably meritorious grounds" on appeal. In this case, relief from the ineffective notice of appeal was available because of counsel's failure to prepare an effective notice of appeal. However, any deficiency on the part of trial counsel in this case was harm-

less as the trial court did not abuse its discretion in denying the motion to withdraw the plea.

The judgment is affirmed.

Blease, Acting P. J. and Marler, J., concurred.