[No. D009121. Fourth Dist., Div. One. Jan. 11, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT GUZMAN, Defendant and Appellant.

[No. D012245. Fourth Dist., Div. One. Jan. 11, 1991.]

In re ROBERT GUZMAN on Habeas Corpus.

## COUNSEL

Peter W. Cowan, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, and Janelle B. Davis, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**NARES, J.**—By information filed December 4, 1987, appellant Robert Guzman and three others were charged with conspiracy to sell cocaine and possession for sale and sale of ten kilograms of cocaine. It was further alleged the amount of cocaine involved exceeded 10 pounds in weight, requiring an additional 5 years' enhanced sentence, and that Guzman was armed with a firearm, mandating an additional year.

### PROCEDURAL HISTORY

On July 20, 1988, Guzman entered a negotiated plea of guilty to sale of cocaine, admitting only to sale of a quantity in excess of three pounds, which limited his maximum possible sentence to eight years. In exchange for his plea all other charges were dropped. Thereafter, Guzman substituted new counsel for the one who represented him at the plea, and the sentencing hearing was continued.

At sentencing on November 1, 1988, Guzman sought to withdraw his previously entered plea of guilty on grounds he had not been properly represented at the time of entry. After hearing testimony from the attorney who had represented him at plea entry, the court denied Guzman's motion to withdraw the plea. Despite the fact the sale involved ten kilograms of cocaine, the court found mitigating factors were more significant than aggravating factors, and sentenced Guzman to the lower term of three years for sale of cocaine, with a three-year enhancement for the (reduced) weight allegation, for a total sentence of six years.

On the day judgment was pronounced Guzman filed a notice of appeal which stated, "This appeal challenges the validity of the plea." At that time Penal Code[1] section 1237.5 required Guzman to obtain a certificate of probable cause in these circumstances, where none would be required in order to challenge, for example, sentencing error. A certificate was, however, denied by the trial court on November 4. This court then dismissed the appeal (D009005, Nov. 10, 1988), but without prejudice to Guzman's seeking a writ of mandate to compel the trial court to issue a probable-cause certificate. (*In re Brown* (1973) 9 Cal.3d 679, 683-684 [108 Cal.Rptr. 801, 511 P.2d 1153]; *People* v. *Everett* (1986) 186 Cal.App.3d 274, 278 [230 Cal.Rptr. 604].) No such petition was ever filed. Instead, a second notice of appeal was filed in the trial court on the last possible day.

On the date the second notice was filed section 1237.5 no longer required issuance of a certificate of probable cause to appeal, but did still require a notice be filed setting forth the constitutional grounds for the appeal. No such grounds were alleged, as the second notice of appeal now purported to challenge the sentence received rather than the validity of the guilty plea, and thus to be exempt from compliance with the provisions of section 1237.5. The second notice of appeal was not signed (as it was required to be) either by Guzman or by his trial counsel.

An opening brief was thereafter filed on behalf of Guzman, and the next month a petition for writ of habeas corpus (case No. D012245) was filed in this court generally challenging competency of trial counsel, and pointing out that in cases where the appellate record is not conclusive on the issue, a petition for the writ is an appropriate means of addressing this question. We ordered the petition for habeas corpus consolidated with Guzman's pending appeal for disposition.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

## Discussion

## I. The Statute

As noted above, at the time judgment was pronounced in this case, section 1237.5 and its companion, California Rules of Court, rule 31(d), required issuance of a certificate of probable cause to give effect to any appeal attacking validity of a guilty plea. As was pointed out in *People* v. *Ballard* (1985) 174 Cal.App.3d 982, 987-988 [220 Cal.Rptr. 323], section 1237.5 and the accompanying rule 31(d) "when obeyed, constitute an effective scheme for achievement of judicial economy through apportionment of tasks between the county and state levels. After a criminal defendant has been convicted by plea, a single superior court judge . . . , not a three-judge panel of the Court of Appeal, performs the initial screening . . . ."

Not all courts agreed section 1237.5 was "an effective scheme." Division Three of this court urged the Legislature to repeal the requirement for a certificate of probable cause on the ground the statute was "clearly unsuccessful in weeding out frivolous appeals." (*People* v. *Everett, supra,* 186 Cal.App.3d at p. 280, fn. 2.) This urging was heard. By Statutes 1988, chapter 815, effective until January 1, 1992, the Legislature deleted the requirement a trial judge issue a certificate, while instead requiring "as part of the notice of appeal" a statement of constitutional or jurisdictional grounds for the appeal be filed. The screening function for post-guilty-plea appeals has thus been shifted from the county to the state.

Under the former statute, denial of a certificate was an effective means of screening out frivolous appeals. Under the current statute it is likely records will be prepared, counsel appointed, briefs filed, and argument heard before it becomes clear that the appeal following a plea of guilty never should have been taken in the first place.[2] No matter how little success the former statute

---

[2] Not surprisingly, cases which have construed the revised appeal-after-guilty-plea requirements of section 1237.5 have done so broadly, although with no discernible consistency. In *People* v. *Forrest* (1990) 221 Cal.App.3d 675, 678, footnote 2 [270 Cal.Rptr. 573], an unsworn statement was deemed substantial compliance, while in *People* v. *Harris* (1990) 223 Cal.App.3d 118, 120, footnote 2 [272 Cal.Rptr. 590], the same court allowed 15 days for filing a sworn statement in lieu of an unsworn statement, to avoid dismissal of the appeal. The court in *People* v. *Grey* (1990) 225 Cal.App.3d 1336, 1339 [275 Cal.Rptr. 572] declined to follow *Forrest,* but reached the same result where lack of a sworn statement was attributed to trial counsel's failure to provide competent assistance in filing the notice of appeal.

Without commenting on the results in these cases, the point is that it will always require preparation, filing and review of the record to determine whether a post-guilty-plea appeal is proper or not, a burden the requirement for a certificate was designed to obviate. The retention of "constitutional" and "jurisdictional" as necessary grounds for a post-plea appeal

had in "weeding out frivolous appeals" it is clear the current statute can have even less.[3] Because the second notice of appeal herein challenged the sentence, however, application of either statute was avoided.

## II. THE APPEAL

 The appellate briefs filed on behalf of Guzman in fact challenge the validity of the plea, and not the sentence, but the appeal does not comply with either version of section 1237.5. The second notice of appeal which disclaimed any attack on the plea was therefore improper, and also improper in that it was not signed by Guzman or his counsel.

Clearly, in this case Guzman was required, in light of the allegations of error he advances, to comply with the provisions of either current or former section 1237.5. As our Supreme Court stated in *In re Brown, supra,* 9 Cal.3d at pages 682-683:

"Section 1237.5 establishes the procedure for perfecting an appeal from a judgment based on a plea of guilty . . . . Issues reviewable on such an appeal include those raised by a claimed ineffectiveness of counsel . . . and any abuse of discretion in denying a motion to withdraw a plea of guilty [citation]. It thus appears that review of all issues suggested by petitioner was available under section 1237.5."

In some unusual cases, where "without compliance with section 1237.5 the clerk prepares and the trial court certifies a record on appeal in circumstances where to have denied a certificate . . . would have constituted an abuse of discretion" (*In re Brown, supra,* 9 Cal.3d at p. 683, fn. 6), it may be proper to nonetheless provide appellate review. This is not such a case. Here, we have instead an apparently deliberate attempt to bypass statutory procedures and obtain appellate review of the preplea effectiveness of counsel improperly. Without any compliance with section 1237.5 in this case, and with respect to the issues raised, the appeal should be dismissed.

---

suggests some restrictions on such appeals are still intended; the deletion of the certificate requirement virtually ensures no restrictions will be observed or enforced.

[3] Considering the number of cases resolved by plea instead of trial, and further considering the purposes and effects of a plea of guilty, we discern no public purpose in relaxing the general rule that appeals after such pleas that challenge their validity are not to be encouraged. We urge the Legislature to allow the current version of section 1237.5 to expire as now scheduled and be replaced by the language of the older version, requiring trial courts in the first instance to certify there is some good reason for an appeal after a plea of guilty has been entered. We believe this is the proper "apportionment of tasks between the county and state levels," however lax either level may have been in weeding out frivolous or unauthorized appeals which by statute ought to have been dismissed.

### III. THE HABEAS CORPUS

■ The habeas petition filed with the appeal is not in aid of any matter which could not have been raised on direct appeal. Again, we turn to *In re Brown, supra,* 9 Cal.3d at pages 682-683:

"Normally habeas corpus will not lie where the remedy of appeal exists. . . . [¶] . . . No reason appears which demonstrates any inadequacy of remedy or denial of any right such as would require that we ignore the clear legislative direction embodied in section 1237.5, and entertain a . . . writ of habeas corpus which is in reality nothing more than an alternative appeal . . . . [¶] In the instant case petitioner initiated proceedings pursuant to section 1237.5 but abandoned that channel of review when the trial court refused to issue its certificate. Petitioner cannot now by-pass reasonable and adequate procedures for challenging the propriety of the trial court's refusal to issue its certificate and have h[is] appeal notwithstanding."

In the typical case where incompetence of trial counsel is raised on appeal, habeas is used as a method of getting before the appellate court matters that are otherwise outside the record. (See, e.g., *People* v. *Pope* (1979) 23 Cal.3d 412, 426 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].) Here, however, there was a hearing conducted at the time of sentencing in the trial court, testimony was received exploring all relevant matters and a determination made on that evidence. No new information is presented by way of habeas that is not already contained in the appeal record, and use of the writ in these circumstances is improper.

### DISPOSITION

■ At this point, despite there being no appeal nor writ of habeas corpus properly before us, an appellate court might typically proceed nonetheless to reach and dispose of the contentions which were asserted. This practice was discussed at length and strongly criticized in *People* v. *Ballard, supra,* 174 Cal.App.3d at pages 984-989. (See also *People* v. *Pinon* (1979) 96 Cal.App.3d 904, 908-909 [158 Cal.Rptr. 425].)[4] Agreeing with *Ballard,* we can best support the intent of either version of section 1237.5 by declining in the present matter to bypass proper appellate procedure by providing what

---

[4] Sadly, in two of the three reported decisions which cite *Ballard,* this soundly criticized practice of ignoring procedural defects to reach the merits was still indulged. (*People* v. *Robinson* (1988) 205 Cal.App.3d 280, 282-283 [252 Cal.Rptr. 202]; *People* v. *Ellis* (1987) 195 Cal.App.3d 334, 338-348 [240 Cal.Rptr. 708].)

would only be an advisory opinion on the merits of the claims advanced by Guzman herein.

The purported appeal from the judgment following a plea of guilty is dismissed as substantially irregular and not in compliance with statutory procedures. The application for writ of habeas corpus, not proper in this case, is denied.

Kremer, P. J., and Benke, J., concurred.

A petition for a rehearing was denied February 6, 1991, and the opinion was modified to read as printed above.