[No. H008358. Sixth Dist. Apr. 23, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
PATRICK BRECKENRIDGE, Defendant and Appellant.

[No. H008997. Sixth Dist. Apr. 23, 1992.]

In re PATRICK BRECKENRIDGE on Habeas Corpus.

**[Opinion certified for partial publication.\*]**

\*Pursuant to California Rules of Court, rules 976.1 and 977(a): Statement of the Case, the Appeal, and Motion for Relief From Default are certified for publication.

**COUNSEL**

Sally McGough, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Christopher J. Wei and Mark S. Howell, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

CAPACCIOLI, J.—

*Statement of the Case*

Defendant Patrick Breckenridge appeals from a judgment entered after he pled guilty to lewd conduct with a child and admitted a 1976 prior serious felony conviction for a similar offense. (Pen. Code, §§ 288, subd. (a), 667, subd. (a), and 1237.5.) He received a six-year term for the lewd conduct and a five-year enhancement for the prior serious felony conviction. He seeks reversal of the enhancement, claiming that his admission of the prior was invalid due to an inadequate advisement of rights.[1] (See *In re Yurko* (1974) 10 Cal.3d 857, 863 [112 Cal.Rptr. 513, 519 P.2d 561].) We dismiss the appeal for failure to comply with section 1237.5.

Defendant also filed a petition for a writ of habeas corpus, in which he again challenges the enhancement. Here, he claims he received ineffective assistance of counsel because his attorney did not move to strike the prior serious felony allegation and such a motion would have been granted. We find no merit to this claim and deny the petition.

*The Appeal*

■ The People contend that defendant's appeal should be dismissed because he did not comply with the provisions of section 1237.5 applicable at the time he filed his notice of appeal. At that time, the statute provided, in relevant part, "No appeal shall be taken by a defendant from a judgment of conviction upon a plea of guilty . . . except where the defendant has filed as part of the notice of appeal a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings."[2] (See Stats. 1988, ch. 851, § 1, p. 2763; rule 31 (d).) The record supports the People's claim.

In his notice of appeal, defendant states that he was "improperly sentenced" to the consecutive term for a prior serious felony conviction. This claim implicates the validity of his admission of the prior. (*People* v. *Arwood* (1985) 165 Cal.App.3d 167, 171-172 [211 Cal.Rptr. 307].) In his opening

---

[1] Unless otherwise specified, all further statutory references are to the Penal Code, and all references to rules are to the California Rules of Court.

[2] Defendant's notice was filed on April 19, 1991. On January 1, 1992, a new version of section 1237.5 became operative. Now, to challenge the validity of a plea on appeal, a defendant must file a similar verified statement in the trial court and the trial court must file a certificate of probable cause with the county clerk. (See Stats. 1988, ch. 851, § 2, p. 2764.)

brief, defendant explicitly claims his admission was invalid. Under the circumstances, he was required to comply with section 1237.5. However, he did not include with his notice of appeal the required statement executed under oath or penalty of perjury.

"When a defendant fails to satisfy the requirements of section 1237.5, and the record discloses no justification therefor, the appeal is not operative, and the appropriate disposition is dismissal." (*People* v. *Grey* (1990) 225 Cal.App.3d 1336, 1339 [275 Cal.Rptr. 572]; *People* v. *Ballard* (1983) 174 Cal.App.3d 982, 985 [220 Cal.Rptr. 323].)

Citing *People* v. *Forrest* (1990) 221 Cal.App.3d 675 [270 Cal.Rptr. 573], defendant argues he "substantially complied" with section 1237.5. We decline to recognize this excuse from complete compliance.

In *Forrest*, the court held that a defendant, who was not represented by counsel when he filed his notice of appeal, had "substantially complied" with section 1237.5 in that he filed an unverified "written statement" with his notice. (*People* v. *Forrest, supra*, 221 Cal.App.3d 675, 677-678, fn. 1.)

In *People* v. *Grey, supra*, 225 Cal.App.3d 1336, the court rejected this means of reaching the merits of the appeal. The court observed, "The *Forrest* court did not set out in *haec verba* the 'written statement' at issue or how or in what manner the unverified statement substantially complied with section 1237.5. Nor did it state any reasons for this departure from the clearly stated statutory requirements of section 1237.5. We part company with the *Forrest* court in that, in our view, a clear reading of section 1237.5 requires verification under oath or penalty of perjury of the written statement." (*Id.* at pp. 1338-1339.) We agree with this criticism and decline to follow *Forrest*.

Although it rejected *Forrest*, the *Grey* court used a more indirect route to reach the merits of the appeal. There, since the notice of appeal was signed by defense counsel but was not verified, the court reasoned that counsel had prepared it. (*People* v. *Grey, supra*, 225 Cal.App.3d 1336, 1338-1339.) The court noted that [the] failure to file a sworn statement had the same effect as a failure to file any notice of appeal: the appeal is inoperative. The court then reasoned that a defendant should be able to cure the former defect in the same way the latter defect can be cured: "If the defendant cannot show that [the] failure to file an effective notice of appeal 'is attributable to negligence or inaction on the part of custodial officials, a dereliction of duty by counsel, or some other cause not the fault of the party seeking to appeal, relief is not

available.' " (*Id.* at pp. 1338-1340, quoting *People* v. *Casillas* (1990) 218 Cal.App.3d 1365, 1366 [267 Cal.Rptr. 700].[3])

The court concluded that because it *appeared* trial counsel failed in his duty to assist competently in the filing of the notice of appeal (see § 1240.1 [duty of appointed trial counsel re appeal]; *People* v. *Ribero* (1971) 4 Cal.3d 55 [92 Cal.Rptr. 692, 480 P.2d 308] [trial counsel has duty to assist in perfecting appeal]), "defendant *would be* entitled to an order relieving him from his deficient notice of appeal." (*People* v. *Grey, supra,* at p. 1340, italics added; cf. also *People* v. *Aguirre* (1991) 227 Cal.App.3d 373, 376, fn. 1 [277 Cal.Rptr. 771] [reaching merits because notice of appeal included unsworn statement by defense counsel raising issue that had been raised numerous times in trial court].) Under the circumstances the court decided to consider defendant's appeal on its merits.

We agree with the *Grey* court's analysis of the showing necessary to obtain relief from the consequences of a failure to comply with section 1237.5. However, we disapprove of its decision to address the merits of the appeal.[4] The court adopted the practice employed by many courts, including, on occasion, this court, of first acknowledging a defendant's noncompliance with section 1237.5 and then using one device or another to circumvent the statute and reach the merits of the appeal in the interest of "judicial economy." (See, e.g., *People* v. *Arwood* [6th Dist.], *supra,* 165 Cal.App.3d 167 [treating appeal as petition for writ of habeas corpus]; *People* v. *Young* (1991) 228 Cal.App.3d 171 [278 Cal.Rptr. 784] [same]; see also cases cited in *People* v. *Ballard, supra,* 174 Cal.App.3d 982, 986-987.)

Recently, in *People* v. *Zamora* (1991) 230 Cal.App.3d 1627, 1632-1634 [282 Cal.Rptr. 100], the court criticized such ad hoc dispensations from the procedural requirements of section 1237.5 because the net effect is to nullify the statute. The court opined that "the better practice is to resist temptation to entertain the appeal and refuse to discuss the merits even though this might precipitate a collateral attack on the defendant's conviction. To do

---

[3]In *People* v. *Casillas, supra,* 218 Cal.App.3d 1365, the defendant placed his notice of appeal in a prison mailbox within 60 days after the rendition of judgment. The clerk received the notice beyond the authorized deadline and marked it received but not filed as directed by rule 31(a). He then sought an order from the appellate court relieving him of the consequences of his failure to file the notice within the prescribed period. The court denied the motion because the defendant made no showing that delay in presenting the notice of appeal to the clerk was attributable to negligence, inactivity, dereliction of duty of another or some other cause not the fault of defendant.

[4]*Grey* is also materially distinguishable from this case, in that here the notice of appeal was not signed by defense counsel. Thus, there is missing here the key fact underlying the *Grey* court's assumption of inadequate assistance of counsel and its justification for reaching the merits of the appeal.

otherwise only encourages defendants convicted by plea to flout Penal Code section 1237.5 and California Rules of Court, rule 31(d) and subverts a well-conceived procedural scheme." (*Id.* at p. 1634; see *People* v. *Guzman* (1991) 226 Cal.App.3d 1060, 1066 and fn. 4 [277 Cal.Rptr. 286]; *In re Chadwick C.* (1982) 137 Cal.App.3d 173, 178, fn. 4 [186 Cal.Rptr. 827].) We agree with this view.

The purpose of section 1237.5 is to discourage and weed out frivolous or vexatious appeals following guilty pleas. (*People* v. *Young, supra,* 228 Cal.App.3d 171, 179; *People* v. *Aguirre, supra,* 227 Cal.App.3d 373, 376, fn. 1.) Although the effectiveness of the statute, especially the version applicable in this case, has been questioned (see *People* v. *Guzman, supra,* 226 Cal.App.3d 1060, 1064-1065 and fns. 2 & 3), it is inappropriate and unwise to let expediency outweigh the legislative command that makes compliance with section 1237.5 a condition precedent to an appellate attack on the validity of a guilty plea.[5] To resolve an appeal whether or not it is properly before the court simply because it has been filed, will, as the *Zamora* court observed, only encourage noncompliance with section 1237.5.

Under the circumstances, therefore, we conclude that defendant's failure to comply with section 1237.5 precludes our review of his appeal. (*People* v. *Cotton* (1991) 230 Cal.App.3d 1072, 1079 [284 Cal.Rptr. 757] [merits not reached because of failure to file verified statement]; *People* v. *Zamora, supra,* 230 Cal.App.3d 1627, 1634 [same]; *People* v. *Guzman, supra,* 226 Cal.App.3d 1060, 1065 [same].)

### Motion for Relief From Default

In addition to claiming "substantial compliance" with section 1237.5, defendant filed a motion for relief from the consequences of his failure to comply.[6]

Under rule 45(e), "The reviewing court for good cause may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."

---

[5]We note that rule 31(d) implements section 1237.5. It requires compliance with the statute unless the appeal "is based solely upon grounds (1) occurring after entry of the plea which do not challenge its validity or (2) involving a search or seizure, the validity of which was contested pursuant to section 1538.5[.]" Under such circumstances, however, the rule requires that "the appeal shall not be operative unless the notice of appeal states that it is based upon such grounds."

The failure to file a rule 31(d) statement has been distinguished from the failure to file the sworn statement required by section 1237.5 in that the former is merely a nonjurisdictional violation of the rules. (*People* v. *Knauer* (1988) 206 Cal.App.3d 1124, 1126-1130 and fn. 3 [253 Cal.Rptr. 910].)

[6]By order of this court dated November 4, 1991, we deferred ruling on the motion so as to consider it with defendant's appeal on the merits.

■ To obtain relief, defendant must make an affirmative showing of good cause. (*First Nat. Bank* v. *Haines* (1952) 114 Cal.App.2d 708, 709 [250 P.2d 644]; *Snyder* v. *Cotton* (1950) 98 Cal.App.2d 491, 492 [220 P.2d 572]; cf., e.g., *People* v. *Hickok* (1949) 92 Cal.App.2d 539 [207 P.2d 620] [good cause shown].)

For example, in *People* v. *Ribero, supra,* 4 Cal.3d 55, the defendant filed a notice of appeal but failed to comply with section 1237.5, which then required that he file a statement and obtain a certificate of probable cause from the trial court. He sought relief from his default. Our Supreme Court opined that the power to grant relief in proper cases "is to be liberally construed to protect the right to appeal." (4 Cal.3d at p. 65.) In granting relief, the court noted that the defendant had told defense counsel he wanted to appeal. Although the attorney then had a duty to file the 1237.5 statement, instruct defendant how to file it, or secure other counsel for him, he failed to take any action to perfect the defendant's appeal. (4 Cal.3d at p. 65; see *People* v. *Grey, supra,* 225 Cal.App.3d 1336, 1340; compare with *People* v. *Casillas, supra,* 218 Cal.App.3d 1365, 1370 [good cause not shown].)

Here, defendant has provided no explanation for his default. Nor does he suggest that it was caused by the conduct, negligence, or dereliction of someone other than himself. Rather, he relies on the policy favoring resolution of appeals on their merits, notes that the appeal is now fully briefed, and argues granting relief can not prejudice the People.

Defendant has not demonstrated good cause. We are not so eager to marshall this court's resources to resolve disputed issues that we will relieve defendant from his default regardless of the reasons therefor simply because the appeal is fully briefed. Rather, some explanation for the default that would warrant relief is essential. Otherwise, full briefing would entitle even those guilty of inexcusable neglect of appellate procedural rules to relief.

We acknowledge the general policy that "[t]echnical objections to appellate presentations are not favored." (*Boehm* v. *County of Merced* (1985) 163 Cal.App.3d 447, 453 [209 Cal.Rptr. 530].) On the other hand, lax enforcement of appellate procedural rules by the courts begets disregard for them by the parties, which, in turn, can only lead to pleas for further laxity in enforcement until the rules serve no purpose and cease to be observed altogether. Here, defendant failed to comply with section 1237.5 and has not shown "good cause" for relief from this default. We do not consider these deficiencies insignificant technicalities and decline to overlook them so as to reach the merits of the appeal.

Defendant's reliance on *Marcotte* v. *Municipal Court* (1976) 64 Cal.App.3d 235 [134 Cal.Rptr. 314] is misplaced. That case holds that for

good cause, the trial court may treat a notice of appeal filed before rendition of judgment as being filed immediately thereafter. The court opined that such a notice should be liberally construed in favor of its sufficiency, especially where the opposing party is not misled or prejudiced by the premature filing.

Neither the facts nor holding of *Marcotte* suggests that a lack of prejudice, standing alone, compels relief from default or establishes good cause for such relief.

The motion for relief from default is denied.

The appeal is dismissed.

*The Habeas Petition*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .*

Cottle, Acting P. J., and Premo, J., concurred.

---

*See footnote, *ante*, page 1096.